(No. 39251.—

The People of the State of Illinois, Defendant in Error, *vs.* Thomas W. Reed, Plaintiff in Error.

*Opinion filed Nov. 19, 1965.—Rehearing denied Jan. 24, 1966.*

Mort A. Segall, of Champaign, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and John J. Bresee, State's Attorney, of Urbana, (Fred G. Leach and William A. Bomp, Assistant Attorneys General, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

Defendant, Thomas W. Reed, was indicted for burglary in the circuit court of Champaign County, and upon his plea of guilty, was sentenced to a term of seven to twenty years in the penitentiary. On this appeal, defendant contends: (1) that section 19—1(a) of the Criminal Code of 1961 under which he was indicted is unconstitutionally vague and indefinite, rendering the indictment void; (2) that the indictment is void for the further reason that it did not specify the street address of the building which was allegedly burglarized; (3) that defendant was deprived of competent counsel during the trial court proceedings; and (4) that prior to accepting defendant's plea of guilty, the trial court did not comply with the requirements of Supreme Court Rule 26(3). Ill. Rev. Stat. 1963, chap. 110, par. 101.26(3).

Section 19—1(a) of the Criminal Code of 1961 provides that "A person commits burglary when without authority he knowingly enters into, or without authority remains within a building, house trailer, water craft, aircraft, railroad car, or any part thereof, with intent to commit therein a felony or theft". (Ill. Rev. Stat. 1961, chap. 38, par 19—1(a).) The indictment in this case followed the general form of section 19—1(a). Count I alleged that defendant "on July 16, 1963, at and within the said County of Champaign, and State of Illinois, aforesaid, committed the offense of Burglary, in that he, the said Thomas W. Reed, without authority, knowingly entered a store building of Charles M. Black, doing business as City Television, with intent to commit therein a 'Theft' ". Count II of the indictment contained the identical language of count I and also contained the additional allegation that the store was entered with intent to commit a theft "of the goods, property, and chattels of the said Charles M. Black, doing business as City Television".

Defendant first argues that the meaning of the terms

"without authority" and "theft" in section 19—1 (a) are so complex and hypertechnical that not even experts in the law can agree as to their meaning, and that *a fortiori* a man without legal training could certainly not understand their meaning. Defendant further contends that since the statute is unconstitutionally vague and indefinite, an indictment which uses the language of the statute must of necessity also be void.

In *United States* v. *Harriss*, 347 U.S. 612, 617, 98 L. ed. 989, 996, the United States Supreme Court stated that, "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed". We do not agree with defendant's contention that the words "without authority" and "theft" as they appear in section 19—1 (a) are so difficult of comprehension that they could not be reasonably understood by a man of ordinary intelligence without further definition. (*People ex rel. Armstrong* v. *Huggins*, 407 Ill. 157, 171.) Rather, we think that any person of ordinary intelligence, after reading section 19—1 (a), could readily understand what conduct was proscribed by that section. We conclude, therefore, that the statute is constitutional and that the indictment is not void insofar as it employs the language of section 19—1 (a).

Defendant next argues that the indictment was fatally defective since it did not specify the street address of the building which was burglarized. In essence, defendant contends that the lack of such an address constituted a "jurisdictional" defect which was not waived by his plea of guilty. This argument finds support in certain language in our opinion in *People* v. *Williams*, 30 Ill.2d 125.

We agree with defendant's premise that a plea of guilty does not waive defects in an indictment which are

truly jurisdictional in nature; *i.e.,* defects which render the indictment void and insufficient to give the court jurisdiction of the subject matter. Only defects which are not jurisdictional in the above sense may be waived. However, we do not agree with defendant's conclusion that the indictment in this case contains such a fatal defect.

In determining the validity of this indictment reference must be made to section 6 of division XI of the prior Criminal Code, which section was in effect at the time of defendant's indictment and plea of guilty, but which has now been repealed. Section 6 provided that, "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury". That section further required the indictment to allege the "time and place of committing the [offense,] with reasonable certainty". (Ill. Rev. Stat. 1961, chap. 38, par. 716.) The indictment in this case alleged all of the essential elements of the crime of burglary as stated in section 19—1(a) of the Criminal Code of 1961; namely, that the defendant knowingly and without authority entered the building of another person with intent to commit a theft therein. Section 19—1(a) does not require the street address of the building burglarized as an essential element of the crime of burglary. The indictment also alleged that the offense was committed on a certain date within Champaign County, Illinois. We think that this indictment was sufficient to charge the crime of burglary, to state the time and place of the offense with "reasonable certainty" as required by section 6 of division XI of the prior Criminal Code, and to satisfy the constitutional requirement of advising defendant of the basic nature and cause of the charge against him. (*People* v. *Burns,* 403 Ill. 407; *People* v. *Burke,* 400 Ill. 240.) The lack of the street address in the indictment did not constitute a fatal defect (*People* v. *Jackson,*

23 Ill.2d 475), and our decision to the contrary in *People* v. *Williams,* 30 Ill.2d 125, is hereby overruled. See *People* v. *Blanchett, ante,* p. 527.

In so holding, we recognize, of course, that a burglary indictment which does not allege the specific street address of the building allegedly burglarized may require the granting of a motion for a bill of particulars in those cases where a defendant reasonably needs such additional information to properly prepare his defense. But this is not to say that such an indictment necessarily contains a fatal defect which renders it void.

In view of our conclusion that the indictment in this case did not contain a fatal defect, we hold that by pleading guilty to that indictment defendant waived all defects or insufficiencies in the form of the indictment, including the absence of the street address.

Defendant next argues that he was denied his constitutional right to the assistance of competent counsel. In support of this contention, defendant argues that his court appointed attorney, the public defender, filed a motion in the trial court to quash the indictment, but never requested a ruling on the motion and further that the public defender should never have allowed defendant to plead guilty to a void indictment. The latter contention has, of course, been disposed of by our holding that the indictment in this case is not void. As to defendant's other contention, it appears that the hearing on the motion to quash was set for October 14, 1963, and that on that day, defendant did not appear and his bond was ordered forfeited. This suggests the reason why no hearing was held on that day. Furthermore, the fact that the public defender did not request a hearing at a later date does not necessarily indicate incompetency of counsel. There are any number of reasons why an attorney might not force a hearing on a motion he has previously filed, and the lack of a motion for a ruling in this case clearly does not suggest incompetency of counsel. We have

found nothing in the record which suggests that defendant was not afforded adequate representation.

Defendant's final contention is that he was not properly admonished by the trial court of the nature of the charges against him and the consequences of a plea of guilty as required by Supreme Court Rule 26(3). An examination of the supplemental record filed in this case reveals that the court fully explained to defendant the nature of the burglary charge against him and the limits of punishment which could be imposed on a plea of guilty. Although the record shows that defendant became somewhat confused when asked to repeat his birthdate, the entire record supports a conclusion that defendant understood what he was pleading guilty to and the consequences thereof. We do not find any violation of Supreme Court Rule 26(3).

The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*