People of the State of Illinois, Appellee, v. James Trammell, Appellant.

Gen. No. 49,974.

First District, Third Division.
December 16, 1965.
Rehearing denied January 6, 1966.

James T. Griffin, of Hubachek, Kelly, Miller, Rauch & Kirby, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a trial by jury the defendant was convicted of burglary and sentenced to four to ten years in the state penitentiary. He contends that the indictment was insufficient, that the goods allegedly stolen were illegally seized, that inadmissible evidence was allowed to show his ownership of a car in which the stolen goods were found and that the evidence does not prove his guilt beyond a reasonable doubt.

On the night of September 25, 1963, Ruth Johnson accompanied by her friend Wendell Jones, a Chicago

police officer, drove to her place of employment, a barber shop owned by Booker Cook at 7706 Vincennes Avenue, Chicago, for the purpose of picking up a book she had left there. She went to the front door and began to place her key in the lock when she suddenly stepped back and said, "There's someone inside." Jones, who was waiting in the car, ran around to the rear of the shop and saw that the iron gate at the rear entrance was ajar. He peered through a back window and saw the defendant crouching behind a barrel. Pulling his gun, he entered the shop and placed defendant under arrest. When the lights were turned on, Miss Johnson recognized the defendant James Trammell as a former employee in the shop. Both Miss Johnson and Jones, a frequent customer at the shop, noticed that the usual complement of barbers' tools and equipment was missing.

The police and the proprietor Cook were called. Cook and Officers Butkus and Bishop arrived about 20 minutes later. When questioned, the defendant admitted he owned a car, but denied that it was in the vicinity. Cook said he had seen defendant's car in a lot behind the shop and to this the defendant did not respond. Officers Butkus and Jones went to the car which was parked about 20 feet from the shop, shined a flashlight through the car window, and spotted what appeared to be a bundle wrapped in a barber's cloth. They took the bundle from the unlocked car into the shop, opened the cloth and found numerous pieces of barbers' equipment and a radio which were identified by Cook and Miss Johnson as Cook's property. The defendant was then taken to the police station.

The indictment charges that "on the 25th day of September, 1963, at and within said County [of Cook], James Trammell committed the offense of burglary, in that he, without authority, knowingly entered into a building, to wit: barber shop of Booker Cook, with the intent to commit therein a theft. . . ." Defendant argues

333

that the failure of the indictment to specify the address of the barber shop renders it invalid under the Illinois constitution, Art II, Sec 9, and pertinent statutory provisions. (Ill Rev Stats ch 38, § 716 (1961); Ill Rev Stats c 38, § 111-3 (a) (4) (1963).) Defendant did not move to quash the indictment or to obtain a bill of particulars, but proceeded to defend on the merits. A motion in arrest of judgment was made and denied.

 Since the oral argument was heard in this court, the supreme court of this state has overruled People v. Williams, 30 Ill2d 125, 196 NE2d 483, relied on by defendant here, and specifically held that the former and current statutory requirements with respect to stating the place of the offense are satisfied by designation of the county wherein the offense took place. People v. Reed, 33 Ill2d 535, 213 NE2d 278; People v. Blanchett, 33 Ill2d 527, 212 NE2d 97. These cases are dispositive of this issue. The court noted that the bill of particulars is available where the defendant reasonably needs additional information to prepare his defense, but the defendant here did not invoke that procedure. People v. Reed, supra, at 3; People v. Blanchett, supra, at 6.

Defendant contends that the introduction in evidence of the barbers' equipment taken from the car was a violation of the constitutional provision against unreasonable searches and seizures. A motion to suppress this evidence was denied after a hearing. Defendant argues that the search of the car and the seizure of the barbers' tools was too remote in time and place to be considered a search made incidental to a lawful arrest. The cases relied on by defendant on this point are clearly distinguishable. In People v. Erickson, 31 Ill2d 230, 201 NE2d 422, the defendant's car had been stopped for a traffic violation. The arresting officer noticed a rubber cord extending from the trunk and after being denied permission to search, he broke into the trunk and seized certain incriminating goods. The court held that this

search without a warrant was not justified because valid searches of moving vehicles "must be for specific property, and may not be exploratory and made solely to find evidence of guilt." (P 233.) In the instant case the search was not exploratory, but was in pursuit of specific property which the officers had ample cause to believe had been stolen.

■ ■ In Preston v. United States, 376 US 364, 367 (1964), also relied on by defendant, police were notified at night that three suspicious men were parked in a downtown area. After interrogation the three were arrested for vagrancy, searched for weapons, and taken to police headquarters. The car was driven to the station separately and then towed to a garage where it was searched. The police found equipment fit for use in robbing banks, but the court held that these articles were inadmissible. However, the court has repeatedly affirmed the right to search the place where a person is lawfully arrested in order to find and seize things connected with the crime, such as its fruits. United States v. Rabinowitz, 339 US 56 (1950) ; see Stoner v. California, 376 US 483, 486, 487 (1964) ; Agnello v. United States, 269 US 20, 30 (1925). The search here was made at the place of the arrest before the accused had been removed and within a brief time after the arrest. The aim was to find fruits of the crime and for this purpose it was reasonable police practice to search the immediate vicinity without delay. The introduction in evidence of the barbers' tools found in the car behind the shop was proper.

■ ■ In order to establish the defendant's interest in the car, the state introduced the testimony of Booker Cook that he recognized the car as one he had seen defendant driving on a prior occasion and the testimony of a Chicago police officer that he had personally observed records kept at a pound where the car had been taken which showed that the vehicle was registered in defendant's name. Defendant argues that Cook's testi-

335

mony, while admissible, was too indefinite and that the officer's testimony violates the best evidence rule. The issue in this case, however, is whether the defendant entered the shop with intent to commit theft. He was discovered huddling in the shadows, the barbers' equipment was missing, and it was found in an old unlocked car parked a few steps from the rear of the shop. Under this set of facts, it was not necessary for the state to show defendant's prior connection with the car in order to support the inference that it was he who had placed the tools there. The evidence establishes that defendant was guilty beyond a reasonable doubt.

██ After defendant's notice of appeal was filed in this court, he moved that the case be transferred to the supreme court on the ground that it involved constitutional questions. The motion has been denied because cases presenting similar questions have been transferred by the supreme court to this court. People v. DeFilippis, 54 Ill App2d 137, 203 NE2d 627; People v. Tadlock, 59 Ill App2d 481, 208 NE2d 100; People v. Lafin, 59 Ill App2d 489, 208 NE2d 105. See People v. Valentine, 60 Ill App 2d 339, 344-49, 208 NE2d 595.

The judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.