(No. 40461.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WAYNE ORNDOFF, Appellant.

*Opinion filed January 19, 1968.*

WAYNE S. JONES, of Paris, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and CARL A. LUND, State's Attorney, of Paris, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

On July 11, 1962, the defendant, Wayne Orndoff, was tried by a jury in the circuit court of Edgar County and found guilty of burglary and larceny. After a hearing under the Habitual Criminal Act the defendant was sentenced to imprisonment for a term of not less than 20 nor more than 50 years.

On July 9, 1966, the defendant obtained leave of court to file his amended post-conviction petition. This amended petition contained allegations that the defendant had been illegally arrested and detained; that the indictment was fatally defective; that the court erred in admitting certain articles into evidence during the defendant's trial; that the State knowingly introduced perjured testimony at the trial; and that the verdict was contrary to the law. The petition also alleged incompetency of counsel, and further charged errors in post-conviction proceedings.

Subsequent to the filing of defendant's amended petition, the State filed a motion to dismiss claiming that the allegations in the petition were insufficient to show a substantial violation of the petitioner's constitutional rights. After a hearing on the State's motion the court dismissed defendant's amended petition. The defendant has appealed directly to this court contending that the petition contained sufficient grounds to warrant a hearing under the Post-Conviction Hearing Act.

The purpose of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.,*) is to provide a remedy whereby petitioners, who allege they were imprisoned in violation of their constitutional rights, may obtain a hearing to determine whether any such violations occurred at the time of their conviction. This remedy is limited to constitutional issues and does not provide an opportunity for the redetermination of the guilt or innocence of the petitioner. (*People* v. *Jennings,* 411 Ill. 21.) A petition filed under the act, moreover, must make a substantial showing, rather than mere allegations or con-

clusions, that constitutional rights have been violated. *People* v. *Ashley*, 34 Ill.2d 402.

A careful examination of the lengthy petition filed by the defendant reveals that many of his allegations pertain, not to constitutional rights, but rather to rights conferred by statute. As we have noted, the Post-Conviction Hearing Act is limited to those errors which are of constitutional magnitude. A statute does not confer constitutional rights and the greater part of defendant's petition ignores the distinction between these two categories of rights. (*People* v. *Owens*, 34 Ill.2d 149.) A discussion of each and every allegation asserted by the defendant would needlessly prolong this opinion and we find it sufficient to hold that those portions of the petition which refer to alleged statutory irregularities with reference to his arrest and detention prior to the return of the indictment charging him with larceny and burglary do not present issues of constitutional magnitude, and therefore the trial court was correct in dismissing those allegations. The failure of these portions of the petition to raise constitutional questions is not remedied by defendant's charge that such irregularities amount to deprivation of due process and equal protection of the law. These charges are nothing more than conclusions on the part of the defendant which are not supported by those facts contained in the petition discussing these alleged irregularities.

Defendant goes on in his petition to allege that the indictment was fatally defective because it failed to allege the specific place of the theft with which he was charged. The indictment, however, stated the name of the store where the offenses occurred and the county where it was located. These facts are sufficient to inform the defendant of the nature of the charges against him and, consequently, there is no merit to the charge that the indictment was fatally defective. *People* v. *Petropoulos*, 34 Ill.2d 179, *People* v. *Reed*, 33 Ill.2d 535.

The next category of allegations contained in the petition relate to evidentiary items which were allowed into the jury room. The admission of these items, whether erroneous or not, resulted in no deprivation of constitutional rights.

Defendant next charges that a witness for the State knowingly perjured herself and that the State was cognizant of the perjury. This particular witness testified that she had lived on a particular road in Kentucky and that she had lived there at the time of the trial. The defendant, however, contends that the witness had not lived on this road since sometime in March, 1962. Wherever the witness lived at the time of the trial is insignificant in view of the fact the crime with which defendant was charged occurred on December 17, 1961. There is moreover absolutely no evidence that the State's Attorney or the court was aware of any alleged perjury.

The petition also alleges that another witness knowingly perjured himself when he testified that he had been present with the defendant on the night of the theft and had taken part in it. Defendant urges that this perjury can be proved by checking calendars, law books, the location of various buildings, which would show that the witness had sworn falsely regarding the incidents which occurred on the night in question. All of these facts, however, were available to the defendant and his privately retained counsel at the trial and the defendant cannot now complain of any perjury which could have been proved at his trial. We note further that the trial court properly advised the jury as to the effect of an accomplice's testimony. Any inconsistencies in the witness's testimony go only to the weight and credibility of the evidence and present no constitutional questions.

The petition goes on to charge that constitutional violations occurred by the denial of defendant's motion for a directed verdict, by the State's Attorney's argument to the jury, and by the granting of certain instructions submitted

by the State. No facts are alleged to sustain any argument that constitutional violations occurred and the trial court was correct in dismissing these allegations.

In defendant's twenty-second allegation he charges that his privately retained counsel was incompetent. No facts which would establish incompetency of representation and substantial prejudice to the defendant arising therefrom are alleged and thus no constitutional question is presented. *People* v. *Ashley*, 34 Ill.2d 402.

Defendant's final complaints relate to alleged constitutional violations occurring in post-trial proceedings. These allegations, however, are nothing more than conclusions, not supported by facts, and therefore present no reviewable issues.

After having reviewed each and every allegation contained in the defendant's amended petition under the Post-Conviction Hearing Act, we are of the opinion that the petition was correctly dismissed by the trial court for failure to sufficiently allege substantial constitutional questions. Accordingly, the decision of the circuit court of Edgar County is affirmed.

*Judgment affirmed.*