The People of the State of Illinois, Plaintiff-Appellee, *v.* Harriet Tenen, Defendant-Appellant.

(No. 54854;

First District—March 30, 1971.

Harvey Melinger, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Alan M. Polikoff, and James Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from a conviction for deceptive practice. (Ill. Rev. Stat., ch. 38, par. 17—1(d) (1969)).* After a bench trial defendant was sentenced to one year probation and a fine of $100.00. Defendant appeals from that judgment and among other grounds argues that the complaint was fatally defective because it failed to properly allege the identity of the person injured.

The facts, pertinent to the disposition of this appeal, reveal that defendant executed and delivered two checks to pay for the purchase of certain household furniture that was then delivered to her possession. The checks were both returned "not sufficient funds" and "account closed."

Defendant was then prosecuted upon the following complaint:

"Harriet Tenen has, on or about 1 Aug 69 and 5 Aug 69 at Sully House Fine Furniture 8820 W. Dempster committed the offense of Deceptive Practice in that he (sic) with intent to obtain control over furniture of Sully House Fine Furniture, issued a check for the payment of money in the amount of $266.70 and $215.00 upon the name of the Bank of America, with the intent to defraud the said Sully House Fine Furniture Store.  *  *  *"

Defendant contends that the complaint is fatally defective because it does not specify the person or persons who have been defrauded by the defendant, in that the designation "Sully House Fine Furniture" does not qualify as "another" as that term is used in Sec. 17—1 (d), *supra;* and further, that "Sully House Fine Furniture" is not a person as that term is defined in the Criminal Code.

"Another," is defined in Ill. Rev. Stat. (1969), ch. 38, par. 2—3, as a

---

* "A person commits a deceptive practice when, with intent to defraud:

*  *  *

(d) With intent to obtain control over property or to pay for property, labor or services of another he issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository. Failure to have sufficient funds or credit with the depository when the check or other order is issued or delivered is prima facie evidence that the offender knows that it will not be paid by the depository;"

person or persons defined in the Criminal Code other than the offender. "Person" is defined in Ill. Rev. Stat. (1969), ch. 38, par. 2—15, as an individual, public or private corporation, government, partnership or unincorporated association.

The prosecution responds to the foregoing and contends that where the essence of an offense is fraud involving the making of an instrument, neither the identity nor the legal capacity of a specific person who is the intended victim of the fraud is a material element of that offense. In support of this contention, the prosecution argues that there is an analogy between the crime of forgery and deceptive practice in that the essence of both is fraud and that in charging forgery [**] it is not necessary to allege and prove the identity of an intended victim.

However, there is a formidable distinction between the two offenses. In forgery, the mere making of a forged document capable of defrauding another, or the mere possession, with an intent to issue or deliver, the forged document constitutes the crime when done with an intent to defraud. (*People v. Church* (1937), 366 Ill. 149.) The crime of forgery is complete with the making of a false instrument, the subject of forgery, with intent to defraud; and it is immaterial whether any one was in fact defrauded. *People v. Meyer* (1919), 289 Ill. 184.

Recourse to the Illinois Pattern Jury Instructions in Criminal Cases, however, reveals that section 13.24 provides that in a "bad check" case, the jury is advised that to sustain the charge the prosecution must prove the following propositions:

"*First:* That the defendant, with intent [to obtain control over property—to pay for (property—labor—services)] of—[issued—delivered] [a check—an order] upon a [bank—fictitious bank]; and

*Second:* That the defendant knew that [the check—order] would not be paid."

The remainder of the instruction relates to the burden of proof. A committee note advises that "the name of the victim" be inserted in this instruction. Therefore, it follows that the charge must recite the pertinent allegations and one of them is the identity of the victim or injured party.

■■ Having found that the name of the victim must be alleged, we direct our attention to whether the complaint properly identified the injured party. The designation at bar is not of a person as defined by statute, nor is it of an individual, corporation, partnership or unincorporated association. It is not an entity capable of owning or possessing

---

[**] (Ill. Rev. Stat. ch. 38, par. 17—3a(1) (1969)) states: "A person commits forgery when, with intent to defraud, he knowingly:

(1) makes or alters any document apparently capable of defrauding another * * *"

property or of being defrauded. In *People v. Hill* (1966), 68 Ill.App.2d 369, the owner was identified as "Community Discount Store" and this court held the complaint fatally defective.

The court there held at page 374:

"If the Community Discount Store was a corporation, its corporate existence should have been alleged. *People v. Brander* (1910), 244 Ill. 26, 91 N.E. 59. If the store was not an entity capable of owning property, the ownership should have been alleged in the individual or individuals who owned the property."

In view of the foregoing, we deem it unnecessary to review defendant's other contentions and reverse the judgment.

Judgment reversed.

LEIGHTON, P. J., and McCORMICK, J., concur.