THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD AHMER, Defendant-Appellant.

(No. 56477;

First District—November 22, 1972.

Patrick A. Tuite, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James E. Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged with the crime of deceptive practice. (Ill. Rev. Stat. 1969, ch. 38, par. 17—1 (d).) After a bench trial, he was found guilty, placed on probation for five years and ordered to make restitution of sixty dollars. On appeal defendant maintains that the complaint was not sufficient at law to charge the crime of deceptive practice, and that he was not proved guilty beyond a reasonable doubt.

The complaint under which defendant was convicted charged him with the "offense of deceptive practice in that he with intent to obtain control over United States currency of the Jewel Tea Store, issued and delivered a check * * * the property of Ferdinand Merkel for the payment of money in the amount of $60 upon the Northbrook Trust and Savings Bank * * * knowing it would not be paid by said Northbrook Trust and Savings Bank, with the intent to defraud the said Jewel Tea Store * * *." The following facts were adduced at trial.

Ferdinand Merkel testified that the check which was presented to the Jewel Tea Store was one of a number of checks which were stolen from his home sometime between the 7th and 14th of March, 1971.

Barbara Sivens testified that she was employed by Jewel, a corporation licensed to do business in Illinois. Her duties consisted of working in the office and cashing checks for customers. The check involved in the present case was presented to her on either March 13 or 14, 1971. The check was made out to and endorsed by "Richard Ahmers." Miss Sivens testified that she cashed the check because "Richard Ahmers" was registered at Jewel and the signature on the check compared favorably to the signature on file. She stated that she gave the defendant $60 and that the check was returned several days later with a stop payment order. At that time Miss Sivens called defendant at his home, asked him to come to the store and he did. Defendant was not arrested at this time. The witness identified defendant in court as the person who presented the check to her and further stated that he was not wearing a moustache at the time the check was presented.

Two police officers of the Northbrook Police Department testified that Miss Sivens selected two photographs of defendant from approximately 23 photographs. She identified defendant both with and without a moustache. The police investigation began on March 24, 1971, and defendant was arrested on April 9.

Defendant testified that Miss Sivens called him and asked him to come to the Jewel about some bad checks. Defendant denied passing any bad checks to her at the time he saw her and repeated this denial in court. Defendant testified that when he told Miss Sivens he was not the man

who cashed the check, she said "Yeah." He had been wearing a moustache until the evening of March 14.

Defendant's father testified that on March 11, 1971, defense counsel instructed defendant to get a haircut and shave his moustache before a court appearance set on another matter for March 15. Defendant shaved off the moustache the evening of March 14.

Barbara Siven testified in rebuttal that when defendant said to her at the store that she knew he was not the person who cashed the check, she replied in a sarcastic way "Yeah, right." She did not indicate to defendant that he was not the party. When she first saw defendant at the store at this meeting, she was not sure that he was the party who passed the check, but, after looking at him, she knew it was he who gave her the bad check.

Defendant first contends that the instant complaint was defective because it failed to name the victim in terms of a legal entity capable of ownership. The statute under which defendant was convicted states:

> "A person commits a deceptive practice when, with intent to defraud:
>
> \* \* \*
>
> (d) With the intent to obtain control over property or to pay for property, labor or services of another he issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository." Ill. Rev. Stat. 1969, ch. 38, par. 17—1 (d).

"Another" is defined as a person or persons other than the offender. (Ill. Rev. Stat. 1969, ch. 38, par. 2—3.) "Person" is defined as an individual, public or private corporation, government, partnership, or unincorporated association. (Ill. Rev. Stat. 1969, ch. 38, par. 2—15.) Defendant argues that the complaint is defective because Jewel Tea Store's corporate status is not set forth in the complaint.

■■ Under recent holdings, where the State must prove that the victim of a crime is a person, that requirement is satisfied when the State shows by direct testimony that the victim is a corporation. (*People v. McGuire*, 35 Ill.2d 219, 220 N.E.2d 447; *People v. Nelson*, 124 Ill.App.2d 280, 260 N.E.2d 251; *People v. Childress*, 2 Ill.App.3d 319, 276 N.E.2d 360.) We hold that, in the instant case, the State sufficiently proved the identity of the victim of the crime. The complaint named the "Jewel Food Stores" as the victim, and the uncontradicted testimony of one of Jewel's employees established that it was a corporation, a legal person.

The case upon which defendant primarily relies to support his position, *People v. Tenen*, 132 Ill.App.2d 786, 270 N.E.2d 179, is clearly distinguish-

able from the case at bar. In that case, this court held that a complaint for deceptive practice naming the victim as "Sully House Fine Furniture" was defective for failure to allege its corporate existence. However, in *Tenen,* there was no testimony at trial to establish that "Sully House Fine Furniture" was in fact a corporation.

■■ Defendant, in his second contention before this court, argues that he was not proved guilty beyond a reasonable doubt. The testimony of Miss Sivens was positive, and the record reveals that she was sure of her identification of defendant as the person who presented the check to her. Since the testimony of one witness is sufficient to support a conviction, if it is positive and the witness is credible (*People v. Bracey,* 129 Ill. App.2d 57, 262 N.E.2d 748), we find that the evidence before the trial court was sufficient to prove defendant guilty beyond a reasonable doubt.

For the reasons stated, the judgment of the circuit court is affirmed.

Judgment affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.