THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL BRAKEBILL, Defendant-Appellant.

(No. 72-48;

Third District—February 9, 1973.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Robert Downs, State's Attorney, of Lewistown, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

On November 19, 1971 the defendant, Paul Brakebill, pled guilty to a charge of Deceptive Practice, in the Circuit Court of Fulton County and was sentenced to a term of not less than one year at the Illinois State Penal Farm.

The information charged the defendant with negotiating a ten dollar check to *Day and Palin,* knowing that such check would not be honored. Defendant contends that the information is fatally defective because it does not specify the person or persons who have been defrauded by the defendant in that the designation, "Day and Palin" does not qualify as "another" as that term is used in Sec. 17—1(d) of the Criminal Code of 1961. Ill. Rev. Stat. (1971) ch. 38, Sec. 17—1(d).

The early English decisions required great particularity in the description of persons and required an allegation, in cases of a corporation or other legal entity capable of owning property, that such owner was a corporation, or such facts as would show that such entity could own property by the name used. This was the law of Illinois. (*People v. Cohen,* 352 Ill. 380, 382.) Annotation: 88 A.L.R. 485.

██ In *People v. Tenen* (1971), 132 Ill.App.2d 786, 270 N.E.2d 179, the court held that a complaint in deceptive practice must recite the identity of the victim or injured party and held that "Sully House Fine Furniture Store" was not a sufficient identification of the injured party. The court relied on *People v. Hill* (1966), 68 Ill.App.2d 369, where the victim was identified as "Community Discount Store" and the court held the complaint fatally defective stating, "If the Community Discount Store was a corporation its corporate existence should have been alleged * * *. If the store was not an entity capable of owning property, the ownership should have been alleged in the individual or individuals who owned the property."

██ If a criminal complaint is not sufficient to charge an offense it can be challenged at any time and if need be, for the first time in a court of review. *People v. Dzielski,* 130 Ill.App.2d 581, 264 N.E.2d 426; *People v. Moats,* 8 Ill.App.3d 944, 291 N.E.2d 285.

In view of the foregoing, it becomes unnecessary to consider defendant's other contentions and we reverse the judgment.

Reversed.

STOUDER, P. J., and ALLOY, J., concur.