4

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD CURTIS, SR., Defendant-Appellant.

(No. 72-226;

Second District—September 9, 1974.

Ralph Ruebner and Adam Lutynski, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Charged by complaint with the offense of deceptive practices, the defendant pled guilty and was sentenced to 1 year at Vandalia. On appeal it is contended that the complaint was fatally defective in that it failed to specify the person defrauded.

The complaint charged that defendant committed the offense of "Deceptive Practice, in that he, with the intent to obtain control over property of TOTAL CONCEPT, 1420 North Main Street, Rockford, Illinois delivered to TOTAL CONCEPT a check for the payment of money in the amount of ($25.00) Twenty Five Dollars, drawn on the State Bank of Rockford, Illinois, with an intent to defraud and knowing at the time of delivering said check that it would not be paid by said depository in violation of Paragraph 17—1, Chapter 38, Illinois Revised Statutes." Ill. Rev. Stat. 1971, ch. 38, § 17—1.

■■ In order to be valid, a complaint must set forth the nature and elements of the crime charged. (Ill. Rev. Stat. 1971, ch. 38, § 111—3(a)(3).) The essential elements of the offense of deceptive practice are the intent to defraud and the intent to obtain control over property of another. (*People v. Greer,* 18 Ill.App.3d 617 (1974).) "Another" is defined as a "person." (Ill. Rev. Stat. 1971, ch. 38, § 2—3.) A "person" is defined as an "individual, public or private corporation, government, partnership, or unincorporated association." (Ill. Rev. Stat. 1971, ch. 38, § 2—15.) Defendant argues that from the language of the complaint it could not be determined that "Total Concept, 1420 North Main Street, Rockford, Illinois" was a "person" within the meaning of the statute and that the complaint therefore was fatally defective for having failed to charge an offense.

■■ "Total Concept * * *" is no more a "person" than "Boren's IGA Foodliner, * * *" (*People v. Greer, supra*), "Sully House Fine Furniture" (*People v. Tenen,* 132 Ill.App.2d 786, 787 (1971)), or "Day and Palin" (*People v. Brakebill,* 9 Ill.App.3d 691, 692 (1973)), and following these cases, the complaint would be fatally defective in failing to allege the essential elements that the defendant intended to defraud and obtain control of property of "another." Recently, however, the supreme court found the *Tenen* case non-persuasive when, in *People v. Mahle,* 57 Ill.2d 279 (1974), it held the complaints for deceptive practices to be sufficient. There, the court merged the requirement that a complaint must allege the essential elements of the crime charged with the case law that finds a complaint sufficient if it " ' "states specifically the elements of the offense with sufficient particularity to apprise accused of the crime charged and to enable him to prepare his defense and permit a conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offense, and, as stated by some courts, to indicate to the court the correct judgment to be pronounced on a verdict of guilty. [Citations.]" ' " 57 Ill.2d at 283.

■ We are bound by the decisions of our supreme court. In *Mahle, supra,* the court held that complaints of deceptive practices, naming "Streator Car Wash, Streator, Illinois," and "Marmion's Sinclair Service, Ottawa, Illinois," were words sufficient to denote a "person." We cannot distinguish that case from the one at bar and therefore find the identification of "Total Concept, 1420 North Main Street, Rockford, Illinois" sufficient to allege a "person" within the meaning of the statute.

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.