(No. 46458.–)

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MARK GREGORY, Appellant.

*Opinion filed November 18, 1974.*

John F. Mc Nichols, District Defender, Illinois Defender Project, of Springfield (Bruce L. Herr, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel, and Steven J. Rosenberg, Assistant Attorneys General, both of Chicago, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

Mark Gregory pleaded guilty in August, 1969, in the circuit court of McLean County to an indictment of two counts which charged him with burglary. He was placed on probation for 2 years, but he violated probation and was sentenced to a term of 1 to 2½ years. On appeal of the order which revoked his probation, the defendant argued, *inter alia,* that the indictment against him had been void in that it had not in either count sufficiently charged the commission of burglary. The appellate court, however, held that the defendant could not attack the sufficiency of the indictment in an appeal from an order revoking his probation. (16 Ill. App. 3d 204.) We granted leave to appeal.

Whether an indictment was void presents a jurisdictional issue which is not to be considered waived by a defendant's plea of guilty (*People v. Reed,* 33 Ill.2d 535, 538-539; *People v. Buffo,* 318 Ill. 380), and it can therefore be raised at any time. (*People v. Wallace,* 57 Ill.2d 285, 288; Ill. Rev. Stat. 1969, ch. 38, pars. 114—1(a)(6) and (8), 114—1(b).) The appellate court erred in holding that Gregory could not raise the question, and it should have examined his claim that the indictment was void.

The first count of the challenged indictment read:

"The Grand Jury charges that MARK GREGORY, between the hours of 12 midnight and 2 a.m. on the 6th day of April, 1969, at 1302 S. Main St., in the town of

Normal, in the county of McLean and State of Illinois, committed the offense of BURGLARY, in that defendant without authority entered into a building at 1302 S. Main St., Normal, Illinois, known as the Beauty Corner, with intent therein to commit a theft, in violation of Section 19—1, Chapter 38, Illinois Revised Statutes."

The second count charged:

"The Grand Jury charges that Mark Gregory on the 6th day of April, 1969, at 1302 S. Main St., in the town of Normal in the County of McLean and State of Illinois, committed the offense of Burglary in that defendant without authority entered the building of Jack Guess d/b/a Variety Motors, 1302 S. Main St., Normal, Illinois without the consent of the owner to commit therein a theft, in violation of Section 19—1, Chapter 38, Illinois Revised Statutes."

The definition of burglary in the Criminal Code is:

"A person commits burglary when without authority he knowingly enters or without authority remains within a building *** or any part thereof, with intent to commit therein a felony or theft." Ill. Rev. Stat. 1969, ch. 38, par. 19—1(a).

The contentions of the defendant are that the two counts of the indictment are insufficient because neither of them alleges that the defendant knowingly entered the building involved and, further, that count I is defective because it fails to allege the ownership of the building burglarized. Neither point has merit.

Though neither count explicitly charges that the defendant knowingly entered the building, both counts allege that he entered for the purpose of committing a theft. Obviously the entry had to be made knowingly. As we put it in *People v. Shelton*, 42 Ill.2d 490: "Although the information here omits the word 'knowingly,' the acts it does allege could not have been performed unless they were done 'knowingly.' You cannot make a gasoline bomb and set it aflame in a building, as specifically alleged, without acting knowingly and without knowledge that there would be damage." 42 Ill.2d 494-495; see also

*People v. Mills,* 40 Ill.2d 4.

While at one time it was necessary that an indictment for burglary identify the owner of the building concerned, if it was known, such an allegation of ownership is no longer required. (*People v. Stewart,* 23 Ill.2d 161, 166-168; *People v. Whittaker,* 45 Ill.2d 491.) We would point out that a majority did say in *People ex rel. Ledford v. Brantley,* 46 Ill.2d 419, that an indictment's failure to allege the ownership of the burglarized premises will render an indictment fatally defective. While the indictment in *Ledford* provided no identification whatever of the "dwelling" which was burglarized, that omission did not justify the statement that ownership must be alleged. The holding simply cannot be supported. It must be regarded as erroneous, and accordingly it is overruled.

We consider that count I of the indictment adequately charged the defendant with the crime of burglary. It charged the commission of the elements of the crime (Ill. Rev. Stat. 1969, ch. 38, par. 19—1(a), quoted above), and its allegations were sufficiently particularized. An indictment's allegations must be set out with such specificity or particularity that the accused is informed of the offense with which he is charged and enabled to prepare his defense, and further, that he is protected against being later prosecuted for the same crime. *People ex rel. Miller v. Pate,* 42 Ill.2d 283; *People v. Furman,* 26 Ill.2d 334.

The count charged that on April 6, 1969, in the town of Normal, Illinois, the defendant, without authority, entered a building at 1302 S. Main Street, known as the Beauty Corner, with intent to commit a theft. The allegations were adequate to apprise the defendant of the crime with which he was charged, to enable him to prepare his defense, if he had one, and to protect him against the possibility of future prosecution for the same offense.

The judgment of the appellate court is affirmed, but not for the reason given in its opinion.

*Judgment affirmed.*