THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SCOTT PRUDEN, Defendant-Appellant.

(No. 73-10; )

Fifth District—January 28, 1975.

Robert E. Farrell, of State Appellate Defender's Office, of Mt. Vernon, and William J. Becker and Robert I. Wrigley, Senior Law Students, research assistants, for appellant.

Ronald A. Niemann, State's Attorney, of Salem, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment of guilty and sentence of 4 to 10 years in the penitentiary on a guilty plea entered in the circuit court of Marion County.

Appellant's first contention is that the indictment to which he entered his plea failed to properly charge the offense of burglary. That the indictment was carelessly and inartfully drawn cannot be denied. The indictment reads in part:

"Scott Pruden, David Hough, and Sally Myers committed the offense of burglary in that on said date at about 4:00 a.m. the said

Scott Pruden, David Hough and Sally Myers without authority, knowingly entered a building occupied by Williams Implement located in the Village of Alma, in Marion County, Illinois with intent to commit therein a theft, in violation of paragraph 19—1, chapter 38, Illinois Revised Statutes."

The insufficiency of the indictment is contended in two respects; (1) because it does not reveal who or what type of entity occupied the burglarized premises, and (2) because the indictment does not sufficiently identify the burglarized premises.

■■ The test of sufficiency of an indictment is whether it: (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant to enable him to prepare a defense, and (3) would sustain a plea of acquittal or conviction in bar of any further prosecutions of the same offense. *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269; *People v. Grieco*, 44 Ill.2d 407, 255 N.E.2d 897; *People v. Rife* (Fourth Dist. 1974), 18 Ill.App.3d 602, 310 N.E.2d 179.

The applicable statute, section 19—1(a) of the Criminal Code, (Ill. Rev. Stat. 1971, ch. 38, par. 19—1(a)), provides:

"A person commits burglary when without authority he knowingly enters or without authority remains within a building, * * *, or any part thereof, with intent to commit therein a felony or theft. * * *"

It is evident that the instant indictment contains all of the elements of the offense prescribed by statute. It is less clear, however, whether the specificity and particularity of the language within this indictment was certain enough to enable the defendant to prepare a defense and prevent the possibility of double jeopardy for the instant offense. Much of the uncertainty arises from the description of the building alleged to have been entered by the defendant as "occupied by Williams Implement located in the village of Alma, in Marion County, Illinois * * *." The defendant contends that this language "renders the indictment fatally defective in that it neither sufficiently identifies the premises allegedly entered nor does it reveal who or what type of entity occupied the premises." We do not agree.

■■ The defendant premises much of this contention upon the proposition that a person named "Williams Implement" could own both a residence and business in Alma. According to this argument, the fact that there could be such a person creates the possibility of double jeopardy and could hamper defendant in his preparation of a defense by forcing him to speculate as to who or what "Williams Implement" was. We consider it highly improbable that defendant believed "Williams Implement" to be the name of a person. If there was any question in his mind

during any of the proceedings a simple oral inquiry would have resolved it without resort to discovery or bill of particular procedures. The record in this cause is also available to the defendant to bar any future prosecution based upon the same offense. Such being the case, we hold that whatever ambiguity was created by the use of "Williams Implement" did not render the instant indictment fatally defective.

██ We also hold that neither the absence of a street address (*People v. Campbell*, 40 Ill.2d 463, 240 N.E.2d 635; *People v. Reed*, 33 Ill.2d 535, 213 N.E.2d 278) nor the failure to allege ownership in some person other than the defendant (*People v. Gregory*, 59 Ill.2d 111, 319 N.E.2d 483; *People v. Whittaker*, 45 Ill.2d 491, 259 N.E.2d 787; *People v. Stewart*, 23 Ill.2d 161, 177 N.E.2d 237), *ipso facto*, renders the instant indictment invalid. Consequently, these deficiencies are waived by the defendant's plea of guilty (see *People v. Jackson*, 23 Ill.2d 475, 179 N.E.2d 9), unless such deficiencies evidence the failure of the indictment to sufficiently apprise the defendant of the offense charged, to enable him to prepare a defense or to protect him against the possibility of future prosecution for the same offense (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269).

██ Despite the foregoing deficiencies in the instant indictment, the allegations contained therein are sufficient, in our opinion, to fulfill the due process requirements set forth above. Although the allegations contained in the indictment lack a certain degree of specificity, which may require the granting of a bill of particulars (*People v. Reed*, 33 Ill.2d 535, 213 N.E.2d 278), it is not invalid. In *People v. Gregory* (1974), 59 Ill.2d 111, 319 N.E.2d 483, our supreme court repudiated the ownership requirement by stating:

> "While at one time it was necessary that an indictment for burglary identify the owner of the building concerned, if it was known, such an allegation of ownership is no longer required. (*People v. Stewart*, 23 Ill.2d 161, 166-168, 177 N.E.2d 237; *People v. Whittaker*, 45 Ill.2d 491, 259 N.E.2d 787.) We would point out that a majority did say in *People ex rel. Ledford v. Brantley*, 46 Ill.2d 419, 263 N.E.2d 27, that an indictment's failure to allege the ownership of the burglarized premises will render an indictment fatally defective. While the indictment in *Ledford* provided no identification whatever of the 'dwelling' which was burglarized, that omission did not justify the statement that ownership must be alleged. The holding simply cannot be supported. It must be regarded as erroneous, and accordingly it is overruled." (59 Ill.2d 111, 114, 319 N.E.2d 483, 485.)

In an earlier opinion, *People v. Orndoff*, 39 Ill.2d 96, 233 N.E.2d 378, our supreme court stated:

"The indictment, however, stated the name of the store where the offenses occurred and the county wherein it was located. These facts are sufficient io inform the defendant of the nature of the charges against him and, consequently, there is no merit to the charge that the indictment was fatally defective. [Citations.]" (39 Ill.2d 96, 99, 233 N.E.2d 378, 381.)

The instant indictment states the name of the store wherein the burglary occurred, "Williams Implement," and not only the name of the county, "Marion", but the name of the incorporated village wherein it was located, "Alma." The instant indictment also charged that said burglary occurred on June 8, 1972, and that the defendant "knowingly" and "without authority entered a building occupied by Williams Implement * * * with intent to commit therein a theft." These allegations were adequate to apprise the defendant of the offense with which he was charged, to enable him to prepare a defense, if he had one, and to protect him against the possibility of future prosecution for the same offense.

■■ The defendant's only other contention is that the sentence imposed by the trial court, 4 to 10 years for burglary, is excessive. The State concedes that the minimum sentence must be reduced to one-third the maximum sentence of 10 years in accordance with the provisions of the Unified Code of Corrections. While we note that the record supports the imposition of a sentence in excess of the minimum sentence provided by statute (Ill. Rev. Stat. 1973, ch. 38, pars. 19—1(b), 1005—8—1(c)(3)), we find it insufficient to justify the 4-year minimum imposed by the trial court. Since neither the protection of society nor the rehabilitation of the defendant indicate the need for so great a minimum sentence, we modify such sentence to one of 2 to 6 years' imprisonment.

In accordance with the foregoing discussion, the judgment of conviction entered by the circuit court of Marion County is affirmed as modified, and we remand this cause to the circuit court of Marion County for correction of the mittimus to reflect the modified sentence.

Affirmed as modified and remanded.

G. MORAN and CREBS, JJ., concur.