THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BONITA LAVERNE NORRIS, Defendant-Appellant.

(No. 74-107;

Fifth District—May 14, 1975.

Paul Bradley and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Bonita Laverne Norris, appeals from an order entered February 20, 1974, by the circuit court of Jackson County finding her guilty of two counts of deceptive practices, ordering her to pay a fine of $150 plus restitution, and sentencing her to 1 year probation.

Since the defendant challenges the sufficiency of the information under which she was charged and, subsequently, tried, we find it necessary to set forth, in full, the counts charging her with deceptive practices. The information charged the defendant with having

"committed the following offense within Jackson County, Illinois, on the 17th day of April 1972, to wit:

COUNT I

DECEPTIVE PRACTICES, in that she, with the intent to defraud and intent to obtain control over property of Main Street Boutique, 603 South Illinois, Carbondale, Illinois, did knowingly issue and deliver a check number 149 in the amount of $60.86 drawn on the First National Bank in Carbondale, Illinois, payable to the Main Street Boutique and signed as maker Bonita L. Norris, knowing that said check would not be paid by the depository in violation of Illinois Revised Statutes, 1971, ch. 38, sec. 17—1—3. committed the following offenses [sic] within Jackson County, Illinois on the 18th day of April, 1972, to wit:

## COUNT II

DECEPTIVE PRACTICES, in that she with intent to defraud Zwick's Shoes, 702 South Illinois, Carbondale, Illinois, did knowingly issue and deliver a check number 150 in the amount of $39.90, drawn on the First National Bank in Carbondale, Illinois, payable to Zwick's Shoes and signed as maker Bonita L. Norris, knowing that said check would not be paid by the depository in violation of Illinois Revised Statutes, 1971, ch. 38, sec. 17—1—3."

The defendant argues, in particular, that "[b]oth counts of the information charging defendant with deceptive practices were void for failure to allege an injured party capable of being defrauded." In support of this argument the defendant cites *People v. Greer*, 18 Ill.App.3d 617, 310 N.E.2d 391 (abstract opinion), and *People v. Tenen*, 132 Ill.App.2d 786, 270 N.E.2d 179. We find it unnecessary to review these authorities in view of the supreme court's more recent decision of *People v. Mahle*, 57 Ill.2d 279, 312 N.E.2d 267, which we find dispositive. In defendant's reply brief she "acknowledges" *People v. Mahle*, and attempts to distinguish it on the grounds that the conviction in *Mahle* resulted from a guilty plea to a charge of deceptive practices by delivery of a draft with intent to obtain control over the property of another, whereas the conviction in the instant case resulted from a bench trial. We find this argument unpersuasive. Notwithstanding the waiver consequences of a guilty plea the supreme court in *Mahle* was compelled to examine the informations and determine if they were sufficient to vest the trial court with jurisdiction since jurisdictional defects cannot be waived. Consequently, we can see no reason to restrict the relevant aspects of *Mahle* to guilty plea situations.

In *Mahle*, our supreme court concluded its review of an argument identical to the one raised by the defendant by stating;

"While the informations might have more fully described the Streator Car Wash and Marmion's Sinclair Service as individuals, doing business as a partnership, or as some other business entity, it seems an exercise of futility to argue that they are not some form of 'person' as defined by statute, or that the defendant was unable by reason of the charge to prepare his defense, or that the identity of the victims was so defective as not to permit an acquittal or a conviction to be pleaded as a bar to a subsequent prosecution for the same offense. We do not find the *Hill* or *Tenen* cases persuasive in this regard." (57 Ill.2d 279, 283.)

See also *People v. Curtis*, 22 Ill.App.3d 4, 316 N.E.2d 557.

While we believe that adherence to *Mahle* requires our rejection of the defendant's principal argument, we are compelled to review the

instant information·to.determine if each count is otherwise sufficient to vest the trial court with jurisdiction. Although not raised as an issue.by defendant and, in fact, only.mentioned as a parenthetical aside, we find it necessary to address the following statement contained within defendant's brief: "(Moreover, in the charge involving Zwick's Shoes it was not even alleged that there was any intent 'to obtain control' over property.)"

As we stated in *People v. Pruden*, 25 Ill.App.3d 47, 49, 322 N.E.2d 501;
> "The test of sufficiency of an indictment is whether it: (1) *contains the elements of the offense intended to be charged*, (2) sufficiently apprises the defendant to enable him to prepare a defense, and (3) would sustain a plea of acquittal or conviction in bar of any further prosecutions of the same offense. [Citations.]" (Emphasis added.)

The applicable statute, section 17—1(d) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 17—1(d)) provides that:
> "A person commits a deceptive practice when, with the intent to defraud:
>
>    \*   \*   \*
>
> (d) *With the intent to obtain control over property or to pay for property, labor or services of another* he issues or.delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository. \* \* \*" (Emphasis added.)

As noted in defendant's parenthetical aside, the second count ·of the information omits any reference to the intent to obtain control over property of another or intent to pay for property ·of another.

■■ In *People v. Curtis*, 22 Ill.App.3d 4, 5, 316 N.E.2d 557, ·558, the court stated,
> "The essential elements of the offense of deceptive practice are the intent to defraud and the intent to obtain control·over property of another. [Citation.]"

Consequently, we hold that count two of the instant information, which omitted the essential element of intent to obtain control over, or to pay for, property of another was fatally defective in charging the offense of deceptive practice. The trial court was, therefore, without jurisdiction to entertain count two of the instant information and the judgment of conviction entered thereon must be set aside.

The defendant's only other contention is that the State wholly failed to prove her guilty of deceptive practices. Since we have found it necessary to set aside count two, we will review the evidence only with respect to count one of the information. Astrid Kaiser, a clerk at Main Street

Boutique, testified that she had known the defendant about 8 months, having previously attended a class with the defendant. The witness identified the defendant as Bonita Norris. The witness further testified that the defendant entered the Main Street Boutique on April 17, 1972, purchased some clothes, and paid for the clothes with a check the witness identified as People's exhibit no. 1. The witness stated that this check was returned from the bank due to "either insufficient funds or account closed." On cross-examination the witness testified that she was uncertain about the date, but that she was positive that the defendant had written the check identified as People's exhibit no. 1.

In her defense the defendant claimed that she had lost her purse, containing checks and her student identification card, prior to April 17, 1972. The defendant testified that 2 days after she lost the checks she called the bank and asked them to stop payment. While the defendant admitted having been in Main Street Boutique on April 15, 1972, she denied having purchased anything. She also testified that she signed her name Bonita L. Norris, not Bonita Laverne Norris, as appears on the check in question. The defendant denied writing a check to Main Street Boutique for "$60.86." On cross-examination the defendant denied writing the check marked People's exhibit no. 1.

■■ After hearing the foregoing testimony the trial court, as the trier of fact, found the defendant guilty of a deceptive practice as charged in count one. The credibility and weight to be given to testimony is a matter for the trial court's determination and will not be disturbed unless palpably erroneous. (*People v. Arndt*, 50 Ill.2d 390, 280 N.E.2d 230; *People v. Browder*, 21 Ill.App.3d 223, 315 N.E.2d 168.) Since the positive identification of one witness, who had an ample opportunity to observe, is sufficient to sustain a conviction (*People v. Mack*, 25 Ill.2d 416, 185 N.E.2d 154; *People v. Ahmer*, 8 Ill.App.3d 795, 291 N.E.2d 343), we find the evidence before the trial court sufficient to prove the defendant guilty beyond a reasonable doubt on count one of the information.

Accordingly, we vacate the defendant's conviction on count two of the information, affirm the defendant's conviction on count one of the information, and remand this cause to the circuit court of Jackson County with directions that the sentence, fine, and ordered restitution be modified where necessary to conform with the views expressed herein.

Affirmed in part, reversed in part, remanded with direction.

KARNS and G. MORAN, JJ., concur.