THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY D. BAKER, Defendant-Appellant.

(No. 74-77; ▮▮▮▮▮▮▮▮)

Third District—December 12, 1975.

Kerry R. Cordis, of Princeville, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Larry D. Baker, was indicted for the offense of burglary. After a bench trial before the circuit court of Peoria County, he was found guilty and sentenced to not less than 1 nor more than 3 years in the Illinois State Penitentiary. This appeal is from that judgment and sentence.

Two issues are raised by defendant on this appeal: (1) Whether the State proved beyond a reasonable doubt James O. Issac was in lawful possession of the building allegedly burglarized, as charged in the indictment, and (2) Whether the court abused its discretion in denying defendant probation, as recommended in the presentence report, and sentencing him to a term in the penitentiary.

The defendant cites *People v. Jamison*, 92 Ill.App.2d 28, 235 N.E.2d 849, for the rules the People must prove every material allegation of an indictment beyond a reasonable doubt and in a burglary indictment the ownership or possessory rights infringed upon must be pleaded and proved. There is no dispute as to the requirement every material allegation of an indictment must be proved beyond a reasonable doubt; however, the requirement that an indictment for burglary must identify the owner of the building concerned, if known, no longer is the law. Such requirement as set forth in *People ex rel. Ledford v. Brantley*, 46 Ill.2d 419, 263 N.E.2d 27, was expressly overruled by the Illinois Supreme Court in *People v. Gregory*, 59 Ill.2d 111, 319 N.E.2d 483. The rule applicable to a burglary indictment is the general rule applicable to any indictment. An indictment's allegations must be set out with such specificity or particularity that the accused is informed of the offense with which he is charged and enabled to prepare his defense, and further that he is protected against being later prosecuted for the same crime. *People v. Gregory*, 59 Ill.2d 111, 319 N.E.2d 483. See also *People v. Pujoue*, 61 Ill.2d 335, 335 N.E.2d 437.

In the instant case the indictment alleged the defendant entered a building located at 2510 W. Farmington Road, Peoria, in the lawful possession of one James O. Issac. Issac testified at the trial he operated a tavern at that location on the date in question. He stated he leased the premises from a Joseph Abraham and Michael LaHood and the business

900

was conducted as Jim Bimbo's Inc. and he was a one-third owner. He further testified the business had only been open for 9 days, the corporation was defunct, and the business folded in August, 1972. There was also evidence the names on a liquor license application for Jim Bimbo's Inc. did not include that of James O. Issac.

■■ In light of all the facts, we must find here pursuant to the general rule as enunciated in *People v. Gregory*, 59 Ill.2d 111, 319 N.E.2d 483, sufficient information was contained in the indictment to inform defendant of the offense with which he was charged, to enable him to prepare his defense, and to protect him from later prosecution for the same crime. Accordingly, we hold the indictment adequately charged defendant with the crime of burglary.

■■ The second issue is whether the court abused its discretion in sentencing defendant to a term in the penitentiary and denying him probation. In the instant case the sentence imposed upon defendant was the minimum provided by statute. As stated by this court in *People v. Cather*, 21 Ill.App.3d 36, 37, 313 N.E.2d 533:

> "We believe it unnecessary to discuss the facts presented at the probation and sentencing hearing at any length. Since *People ex rel. Ward v. Moran*, 54 Ill.2d 552, 301 N.E.2d 300, the decision of whether probation should or should not be granted has been committed to the discretion of the trial court. Where this determination involves the alternatives of rehabilitation pursuant to probation or incarceration because of the seriousness of the offense the trial court is vested with the discretion to determine that the nature of the offense requires incarceration. Where the incarceration imposed is a minimum sentence this court is not in a position to review the discretion exercised by the trial court."

The same reasoning is applicable in the instant case and therefore we hold the trial court did not abuse its discretion in denying probation and in sentencing defendant to the minimum term of imprisonment for the offense of burglary.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.