(No. 37385.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PERCY LEE FOSTER, Plaintiff in Error.

*Opinion filed January 22, 1964.*

HOWARD HARRIS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and WILLIAM J. MARTIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Percy Lee Foster, and two others were indicted for the crime of burglary in Cook County. They waived their right to trial by jury and were found guilty by the court. Foster was sentenced to the penitentiary for a term of not less than one nor more than three years and we have issued a writ of error to review the judgment of conviction as to Foster alone.

The defendant makes no claim that the evidence was insufficient to establish his guilt and a detailed summary of the evidence is therefore unnecessary. The indictment charged that the defendant and his co-defendants broke into and entered the dwelling house of Wilse Nickerson with

the intent to steal certain personal property of Nickerson. Nickerson testified that he lived in the downstairs apartment at 8337 Maryland Street in Chicago. The apartment had a full basement where Nickerson stored some of his property. He testified that when he made an inspection of the basement he found that two radios and a paint compressor were missing. Another witness testified that he saw the defendant and two companions carrying some articles from the basement. The defendant contends that the proof showed that Nickerson was a tenant in the building, rather than the owner, and argues that the evidence was insufficient to establish the ownership of the building. The contention cannot be sustained. In burglary prosecutions, proof of lawful occupancy and possession is sufficient and it is unnecessary to either allege or prove the legal ownership of the property. (*People* v. *Stewart,* 23 Ill.2d 161, 168.) The allegation that the dwelling house was the property of Nickerson and the proof that Nickerson was a tenant in the building and that he rightfully used the basement for the storage of his property were sufficient.

The defendant contends that the indictment is not sufficient to enable him to plead former conviction in bar of another prosecution for the same offense. He argues that the tenant of the upstairs apartment might also have stored some property in the basement and that he could be indicted for the burglary of that tenant's dwelling house with intent to steal that person's propery. A similar contention was advanced in *People* v. *Johnson,* 20 Ill.2d 336. In that case the indictment charged that the defendant entered the dwelling of Charles Dennis with intent to steal his property The proof showed that Dennis and his wife and one Rosalie Nelson lived together in an apartment. Rosalie Nelson testified that the defendant climbed into her bedroom, searched her purse, clothing, closet and dresser and attempted to rape her. We held that her testimony that she lived with Dennis and shared the payment of the rent was

sufficient proof of a possessory interest of Dennis in the property and also held that the indictment, together with the proof, was sufficient to protect the defendant against a subsequent prosecution for the same offense. (See, also, *People* v. *Peck,* 29 Ill.2d 480.) In our opinion the indictment in the present case was sufficient to enable the defendant to plead it in bar of a subsequent prosecution.

The final contention advanced by the defendant is that there was a variance between the indictment and the proof. The indictment charged that the defendant entered Nickerson's dwelling house with the intent to steal his personal property and also that the defendant stole two radios and one paint compressor belonging to Nickerson. The indictment alleged that one radio was worth $150, the other was worth $65, and the paint compressor was worth $85. The proof showed that one of the radios belonged to Nickerson's mother-in-law and also showed that both radios and the compressor were several years old. The defendant contends that there was a fatal variance between the allegation that Nickerson owned the radios and the proof that one of them was owned by his mother-in-law, and also argues that the property, because of its age, was not worth the amounts alleged in the indictment. The defendant was found guilty of the crime of burglary and not larceny. A variance as to the ownership of the property and the value thereof is not material in a burglary prosecution. *People* v. *Figgers,* 23 Ill.2d 516, 519; *People* v. *Keene,* 391 Ill. 305, 308.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*