People of the State of Illinois, Plaintiff-Appellee, v. Richard Apple, Defendant-Appellant.

Gen. No. 10,875.

Fourth District.

January 22, 1968.

James W. Alling, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (Franklin E. Dove, Assistant State's Attorney, of counsel), for appellee.

CRAVEN, J., delivered the opinion of the court.

A jury in the circuit court of Macon County found the Defendant guilty of attempted burglary and the court

sentenced the defendant to a term of not less than three nor more than ten years in the Illinois State Penitentiary. This appeal is from that conviction.

It is here contended by the defendant that the jury was not properly instructed in that an instruction defining "intent" as an element of the offense of attempted burglary was refused and that the State failed to prove ownership or right of possession of the premises involved in the attempted burglary, and that thereby a fatal defect exists in this prosecution.

The indictment in this case charged that the defendant committed the offense of attempted burglary at 722 West Wood Street in the city of Decatur, Macon County, in violation of the cited statutory provisions in that the defendant, "with intent to commit burglary, without authority, knowingly attempted to enter the apartment of Dixie Hill, . , . intending to commit a theft therein." We shall first examine the asserted error that there was a failure to prove ownership or right to possession sufficient to sustain this conviction.

A witness, Ed Cole, testified that he was the owner of the building—the questions put to this witness and the answers in reply thereto were in the present tense. There was no interrogation of the witness with reference to ownership of the building as of the date of the offense. This witness then described the building and the location in the building of the various apartments. He then detailed the events as of the date of the offense, testifying that on that date he was installing curtain rods in an apartment in the building. While so engaged, he observed the defendant enter the back door of the building. In response to the requests of his wife, Cole investigated the defendant's presence in the building since the witness did not recognize him as a tenant. Cole related that he caught the defendant ". . . trying to get into Apartment 2. . . . he was trying to jimmy the lock on the back door of Miss

Hill's apartment." The defendant was described by the witness Cole and the particularities of the defendant's efforts to enter the apartment, using a knife on the lock of the door, were described. Cole further testified that he had not given the defendant permission to enter any of the apartments.

Dixie Hill testified that she lived at the address described in the indictment and occupied apartment 2. Again, this testimony was in the present tense and it cannot be fairly said that her testimony made specific reference to her occupancy of the apartment on the date of the offense. It is the contention of the defendant that this evidence is insufficient to meet the burden of the prosecution to prove ownership or right of possession of the premises as of the date of the offense beyond a reasonable doubt and with that degree of particularity required in cases involving property offenses. The defendant relies upon People v. O'Brien, 404 Ill 236, 88 NE2d 486 (1949) ; People v. Walker, 7 Ill2d 158, 130 NE2d 182 (1955) ; and People v. Mosby, 25 Ill2d 400, 185 NE2d 152 (1962), and asserts that they are determinative of the issue here.

In Walker, it is stated that in a charge of burglary, the ownership of a building is an essential allegation and that the proof must conform to the charge. In the case of People v. Stewart, 23 Ill2d 161, 177 NE2d 237 (1961), the Supreme Court examined its holdings with reference to the allegations necessary as to ownership of a building entered in burglary prosecutions, the reasons for such allegations, and then stated, at 168 (177 NE2d at 241) : "The premises involved are effectively identified, and the rights of the accused are fully protected by an indictment that charges the unlawful entry of a building in the possession of another." In People v. Foster, 30 Ill2d 106, 108 (195 NE2d 700, 701 (1964)), the court said: "In burglary prosecutions, proof of lawful occupancy and possession is sufficient and it is unnecessary to either allege

or prove the legal ownership of the property. (Citing case.)"

■ Measuring the evidence in this case as to right of possession by these pronouncements, it is established that the apartment attempted to be entered by the defendant was the apartment of another, and proof of ownership of the apartment building was unnecessary. There is, in this case, proof of occupancy and possession. Certainly, the right to possession and occupancy in another was shown as against the defendant. We take it to be settled that that is all that is required.

■ Finally, it is contended that the trial court erred in refusing defendant's Instruction No. 8, which was as follows:

> "The Court instructs the jury, as a matter of law, that to constitute the offense charged in this case, the intent alleged in the indictment is necessary to be shown. But such intent need not necessarily be proven by direct evidence.
>
> "If the jury believe, beyond a reasonable doubt, that the intent charged in the indictment is shown by the facts and circumstances in evidence, that is sufficient."

It is the contention of the defendant that he did not intend to attempt entry into the apartment, but rather that he entered the apartment building intending merely to sell cards showing that he was a deaf-mute, and that the cards were to be sold to the occupants of the various apartments in the building. It is true that the offense of attempt is defined as including intent to commit a specific offense (Ill Rev Stats 1965, c 38, § 8–4(a)) and that the gravamen of the offense of burglary is the intent with which the building is entered. In this case, however, the court did instruct the jury that the defendant was pre-

272

sumed to be innocent until the State proved him guilty beyond a reasonable doubt and further instructed the jury, in the language of the statute, that a person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense. Our review of the instructions, considered as a series, leads us to the conclusion that the jury was properly instructed. The unquestioned right of a defendant to have the jury instructed on his theory of the case is not in conflict with the refusal of the quoted instruction. The judgment of the circuit court of Macon County is affirmed.

Affirmed.

SMITH, P. J. and TRAPP, J., concur.