**People of the State of Illinois, Plaintiff-Appellee, v. Willie Collins and Bobbie Jones, Defendants-Appellants.**

**Gen. Nos. 53,983, 54,001.**

First District, First Division.

April 6, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Willie Collins and Bobbie Jones were indicted for burglary. The defendants pleaded not guilty, and after a jury trial both were found guilty as charged. They were each sentenced to a term of not less than five years nor more than twelve years in the penitentiary.

The defendants separately appealed. The two appeals arise out of the same trial, present the same questions and were consolidated for oral argument and presentation to this court. The defendants contend that (1) there was a material allegation in the indictment that the ownership of the store alleged to have been burglarized was owned by Leonard Bloom, which was not proven, and (2) the sentences imposed were too severe.

The defendants make no claim that the evidence was insufficient to establish their guilt. On April 14, 1968, at 3:30 a. m., police officers went to the premises at 4449 S. Lake Park Avenue on the information they received in an ADT burglar alarm call that a burglary was in progress. They noticed the outside gates of a grocery store had been pulled apart and the glass of the door broken. With flashlights they found the two defendants inside the premises lying prone on the floor, and arrested them.

Leonard Bloom testified that he was formerly the owner of the supermarket, but it was incorporated, and at the time of the burglary he was president of the corporation. The business had been in his family for eighteen years. The sign on the store read "Park Food Mart, Incorporated." They had closed the business in the middle of March and were trying to sell it. In the meanwhile the inventory had been liquidated as much as possible, but between $1,000 and $2,000 worth of canned goods were still on the shelves on the night in question. When Bloom left the business, the doors had been locked. He was called by police on the morning in question, and when

he arrived at the store he saw the two defendants who had been arrested.

The indictment charges that the two defendants committed the offense of burglary in that "they without authority, knowingly entered into the store of Leonard Bloom, with intent to commit the crime of theft. . . ." The defendants argue that the evidence showed that the store was not owned by Mr. Bloom as charged in the indictment, but by a corporation of which he was president. It is urged that this was a material and fatal variance with respect to the ownership of the burglarized store. In support of this contention the defendants cite the cases of People v. Walker, 7 Ill2d 158, 130 NE2d 182; People v. Mosby, 25 Ill2d 400, 185 NE2d 152; and People v. Jamison, 92 Ill App2d 28, 235 NE2d 849.

The facts in the case at bar and the aforementioned cases are dissimilar. In Walker, it appears that the trial was informally conducted with undue dispatch. It was alleged in the indictment that the burglarized property was the home of Anthony Wright. The only evidence bearing upon this allegation was the testimony of Mrs. Octavia S. Wright, who testified that certain articles taken in the burglary belonged to her husband without naming her husband. There was no testimony that Anthony Wright's dwelling was burglarized. The cause was remanded for a new trial. In reversing the court stated:

> The purpose served by alleging the name of the person or property injured is to enable the accused to plead either a former acquittal or conviction under the indictment in the event of a second prosecution for the same offense. 7 Ill2d at 161, 130 NE2d at 184.

In Mosby none of the witnesses testified to the ownership of property in the two allegedly burglarized premises. Because of the failure to prove the essential allega-

tions of ownership of the premises, both convictions were reversed, and the causes remanded. In Jamison, a burglary conviction was reversed and remanded because there was no evidence or mention made of two copartners named in the indictment. There was a total lack of any evidence of who, in fact, was in possession of the premises.

In People v. Knox, 98 Ill App2d 270, 240 NE2d 426, it was also contended that there was a fatal variance in the indictment which alleged that the burglarized tavern was the premises of the H & K Realty Co., Inc., a corporation, whereas there was no evidence that the firm was acting in any capacity other than as a mere rental agent. In affirming the conviction this court held that it was sufficient that the unrefuted testimony showed the property to be under the domain of the H & K Realty Company which was buttressed by evidence that the company was the first and only party notified that the burglary had occurred. Proof of possession and occupancy of the burglarized premises in the party whose possession is rightful as against the burglar is sufficient to sustain a conviction on a charge of burglary. Legal title need not be shown. People v. Foster, 30 Ill2d 106, 195 NE2d 700.

In addition to allowing the defendant to adequately prepare his defense, there are generally two reasons for requiring the possession and occupancy of the premises to be stated in an indictment for burglary: (1) for the purpose of so identifying on the record that the premises alleged to have been broken into did not belong to the accused and (2) for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense. In the present case, it was established that the defendants broke into a store which did not belong to them. The indictment and

the evidence introduced and transcribed, a copy of which was given to the defendants, is sufficient, in our opinion, to enable the defendants to plead former conviction in bar of another prosecution for the same offense, even though the title to the store premises was held by a corporation and not by Mr. Bloom. The property was shown to be under the control and possession of Mr. Bloom, and he was the person who was notified by the police of the burglary and went immediately to the premises. He had been the manager of the business for the past seven years and was the president of the corporation. The fact that the store was owned by a corporation and not by Mr. Bloom was not such a variance under the facts and circumstances as to require a reversal and a new trial.

It is further contended that the sentences imposed on the defendants were too severe. In this connection we again examine the record to show the facts and circumstances which lead to the conviction of the defendants. The grocery store had been closed for about a month before the burglary, and there was no plan to reopen it. The inventory had been mostly liquidated. In the hearing on aggravation and mitigation it was disclosed that defendant Bobbie Jones, who was twenty-five years old, had received a $50 fine for resisting arrest in August, 1965. In 1966 he was convicted of petty theft, reduced from armed robbery, for which he received one year in the county jail. Defendant Willie Collins, who was twenty-six years old, received a fine of $100 in March, 1966, for unlawful use of a weapon. In October, 1966, he was convicted of attempt robbery and was sentenced to five years probation and six months in the county jail. In mitigation the record shows that Bobbie Jones had been working on the same job for seven months and Willie Collins had been working for the past eighteen months on the same job.

■ ■ This court has the power to reduce sentences under Supreme Court Rule 615. (Ill Rev Stats 1969, c 110A, § 615(b)(4).) The minimum sentence measures parole eligibility and the maximum sentence measures the length of time the defendant may be incarcerated. As stated in People v. Cooke, 117 Ill App2d 296, 254 NE 2d 293, 295:

> The purpose of modern-day penology is the rehabilitation of the offender. That sentence which has the greatest potential of restoring the offender to a useful and productive place in society while at the same time adequately punishing the offender for his misconduct and safeguarding the public from further offenses is the one which should be imposed.

■ We feel that the circumstances of the burglary and the fact that the defendants have been steadily employed warrant lesser sentences. Accordingly, the trial court's sentence of not less than five years nor more than twelve years is reduced to not less than three years nor more than six years in the penitentiary for each defendant.

For the reasons stated, the judgment of conviction is affirmed. The sentence for each defendant is reduced to a term of not less than three years and not more than six years in the penitentiary.

Judgment affirmed and sentences modified.

MURPHY and ADESKO, JJ., concur.