The People of the State of Illinois, Plaintiff-Appellee, *v.* Richard Hudson, Defendant-Appellant.

(No. 53986; ■■■■■■■■)

First District—May 1, 1972.

Tully & Roddy, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and S. Paul Naselli, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

Defendant was found guilty at a jury trial of the crime of burglary

and was sentenced to a term of five years to twelve years in the penitentiary. He appeals.

Miss Luvella Redd testified for the People that at approximately 12:30 P.M. on August 9, 1967, she was returning to her apartment in a building located in the 1200 block of West 78th Street in Chicago, when she observed a man descending the front stairs of the building with her television set. The witness testified that she approached the man and that he put the set down and ran. Miss Redd stated that after chasing the man a short distance, she returned to the front door of her apartment and noticed that the wood was chipped near the lock on the door. The witness testified that she attempted to open the door, but it would not open. She then proceeded to the rear door of the apartment where she observed a second man, identified by the witness at trial as the defendant, running out the rear door. Miss Redd testified that she observed the defendant put something into his pocket, that she pursued him but was unable to apprehend him, and that she returned to her apartment and telephoned the police. The witness stated that during the chase of the defendant she called to him that she knew him and that "I know your face and I will never forget it." Miss Redd further stated that she and the defendant lived in the same neighborhood when they were teen-agers.

Miss Redd testified that both the rear door and the front door to her apartment were locked when she left the apartment several hours earlier that day. The witness further stated that upon her return to the apartment after pursuing the defendant she discovered that two wrist watches were missing and she noticed an unusual condition in her apartment, in that "everything I had was packed up, everything." She testified that she gave no one, including defendant, permission to enter her apartment in her absence on the morning in question.

Miss Redd testified that she was interviewed by the police shortly after the incident and that she gave them a description of the defendant. She further stated that she told the police that she had known defendant in the past from school and dances they had attended. The witness testified that between the time she saw the defendant in her apartment and the time she identified him at trial, a period of fifteen months, she did not identify the defendant from police photographs or under any other physical confrontation.

Police Detective Carl Edenfield testified for the People that he arrested the defendant on August 21, 1967. He stated that at the time of the arrest the defendant told the officer that he remembered the burglary in question, stating, "Yes, I remember that. That is where I almost got caught," and "I was over there with another fellow."

The defendant testified in his own behalf and stated that he did not commit the burglary in question and that he did not recall admitting to the arresting officer that he had committed the crime. He stated, however, that he did know Miss Redd from school and dances in the past.

Defendant contends that he was not proven guilty beyond a reasonable doubt of the crime of burglary. We disagree.

■■ It is settled that the testimony of a single witness, where positive and the witness credible, is sufficient to sustain a conviction, even though that testimony is contradicted by the accused. *People v. Harris*, 70 Ill.App.2d 173.

■■ Miss Redd testified for the People that upon entering the building in which her apartment was located she observed a man walking down the stairs carrying her television set. As Miss Redd approached the man he put the set down and fled. Miss Redd thereafter proceeded to her apartment where she confronted the defendant; she told the defendant that she knew him and also told the police that she remembered the defendant from past dances and school. Defendant himself, although denying the commission of the crime, admitted knowing Miss Redd in the past. The evidence adduced by the People further reveals the presence of chipped wood near the lock of the front door of Miss Redd's apartment and the loss of several items of personal property from inside the apartment as well as the existence of numerous other items of property in positions not normally occupied by that property inside the apartment. There was sufficient evidence from which the trier of fact could have found the defendant guilty beyond a reasonable doubt of the crime of burglary.

The cases of *People v. Gardner*, 35 Ill.2d 564 and *People v. Kidd*, 410 Ill. 271, cited by defendant, are inapposite on their facts from the case at bar. The *Gardner* case involved an in-court identification of the alleged assailant by the victim which substantially differed from the description given to the police by the victim; further, defendant there had a strong alibi in that there was evidence that he had conversed with an old friend in an area of the city where he claimed to have been at the same time as the crime was alleged to have occurred and which was a considerable distance from the scene of the crime. Likewise, in the *Kidd* case, the People's evidence was weak while the defendant's alibi was strong.

■■ In the instant case, on the contrary, the complaining witness testified that she knew the defendant from their teen-aged years, that she told defendant as much at the scene of the crime, and that she gave this information to the police. The fact that she did not identify or

otherwise observe the defendant personally or by means of a photograph from the day of the burglary until the day of the trial goes only to the witness' credibility and the weight to be accorded her identification, which the trier of fact resolved.

Defendant contends that he was denied his constitutional right to a speedy trial, due to the passage of fifteen months between the arrest and the trial. He further argues that the record reveals no action on his part which could be construed as causing a delay in the commencement of the trial.

■■ What constitutes a deprivation of an accused's right to a speedy trial depends upon the circumstances of the case, and that right is consistent with delays in time; the essential characteristic of the right to a speedy trial is the orderly expedition of the case and not mere speed alone. (*United States v. Ewell*, 383 U.S. 116, 120.) Although the statute requires that an accused who is in custody be tried within 120 days after his arrest, where he himself causes delays by the filing of motions, by joining in motions, or the like, the 120-day period is thereby renewed and commences to run again. (See *People v. Hamby*, 27 Ill.2d 493, 496-497.) See also Ill. Rev. Stat. 1969, ch. 38, par. 103—5(a).

■■ In the instant case the record reveals that the defendant filed motions within the 120-day period following his arrest, which delayed commencement of the trial. Consequently, this contention is not well taken.

The cases cited by the defendant are not in point. In *People v. Williams*, 27 Ill.2d 327 neither the defendant nor his counsel was present when a motion for a continuance, attributed to the defendant on the half-sheet, was made; the court on review held that the motion could not be attributed to the defendant since neither he nor his counsel was present when the motion was made. In *People v. Wyatt*, 24 Ill.2d 151 the delay was caused by the trial court itself. In *People v. Fosdick*, 36 Ill.2d 524 the court on review found that there was ample evidence from which the trier of fact could have found that the delay was occasioned by the defendant himself, and for that reason the *Fosdick* case supports the People's rather than the defendant's position in this regard.

■■ Defendant next contends that the prosecuting witness' in-court identification of him was "constitutionally impermissible," in light of the lapse of fifteen months between the time the witness observed the defendant in her apartment and the day of trial. As noted above, this was a matter of credibility of the witness and the weight to be given her identification, and was not a question of the admissibility of the identification as evidence. (*People v. Horodecki*, 15 Ill.2d 130, 135.) Further,

there appears to be no requirement that an accused be shown in a pre-trial line-up, or that he be subjected to any other such confrontation. (See *People v. Palmer,* 41 Ill.2d 571.) For these reasons the cases cited by defendant are not applicable: *United States v. Wade,* 388 U.S. 218; *Stovall v. Denno,* 388 U.S. 293.

Defendant's final contention is that the sentence imposed is excessive. We disagree.

■■ The primary purpose of the authority of a court of review to reduce a sentence is to prevent arbitrary or oppressive treatment of criminal offenders and further to provide penalties which are not only proportionate to the circumstances of the particular case but which also recognize the differences in the rehabilitative potential of offenders. *People v. Wallace,* 117 Ill.App.2d 426, 430.

The record in the instant case reveals that the defendant has a history of eleven criminal convictions dating back to 1949, when he was sixteen years of age. The defendant was last convicted in January 1967 of attempt burglary for which he was placed on probation for a period of three years on condition that he serve time in the County Jail from January to March 1967. Less than five months later he perpetrated the instant burglary.

■■ The record reveals that defendant was thirty-eight years of age at the time of the instant conviction. His past criminal record demonstrates his apparent incapacity for successful rehabilitation, and in light of the number of his past convictions and his age at the time of trial, the sentence imposed for the instant offense is justified.

The cases of *People v. Brown,* (Ill.App.2d), 270 N.E.2d 501, and *People v. Collins,* 123 Ill.App.2d 138 involve defendants with substantially better past records and rehabilitative potential than has defendant here; the sentences in those cases were accordingly reduced, in light of those circumstances and in light of the length of the sentences there imposed by the respective trial courts.

For these reasons the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and LYONS, J., concur.