(No. 55018.—■■■■■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SAMUEL ROTHERMEL, Appellee.

*Opinion filed January 21, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Rita F. Kennedy, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and G. Joseph Weller, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE CLARK delivered the opinion of the court:

On April 7, 1980, Samuel Rothermel was indicted by a Kankakee County grand jury. The bill of indictment charged that the defendant on March 23, 1980, "committed the offense of Burglary in that said defendant did knowingly without authority enter into the residence building of Barbara Goldsberry and Loretta Isaacs, with the intent to commit therein a theft, in violation of Paragraph 19—1(a), chapter 38, Illinois Revised Statutes." The defendant entered a plea of not guilty, and the case pro-

ceeded to a jury trial. After all of the evidence had been presented the defense moved for a directed verdict on the grounds that the State had not proved that the building entered was the residence of Barbara Goldsberry and Loretta Isaacs. The motion was denied, and the case was submitted to the jury. A verdict of guilty was returned. Following the trial the defendant moved for a new trial or judgment notwithstanding the verdict. Those motions were denied. The appellate court reversed the defendant's judgment of conviction for burglary entered in the circuit court of Kankakee County. (94 Ill. App. 3d 1205.) We granted the People's petition for leave to appeal.

The evidence showed that the defendant entered into the residence of Opal Dillon, who lives at 159 North Jackson Street in Bradley, Illinois. Mrs. Dillon had been temporarily hospitalized at the time of the burglary and requested that her two daughters, Barbara Goldsberry and Loretta Isaacs, watch over her house at 159 North Jackson Street. Barbara Goldsberry would check on the house occasionally. Mrs. Goldsberry was in possession of a key to the house, had authority to enter and, the record indicates, did in fact enter the house on one occasion. Mrs. Dillon's other daughter, Loretta Isaacs, went by the house daily to pick up her mother's mail.

The issue before us is whether the variance between the indictment alleging entry into the residence of Mrs. Goldsberry and Mrs. Isaacs and the proof establishing Mrs. Dillon as the owner of the burglarized premises constitutes reversible error.

The prosecution must prove the essential elements of the charging instrument. Section 19—1 of the Criminal Code of 1961 sets forth the essential elements of burglary.

"Sec. 19—1. Burglary

(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building *** with intent to commit therein a

felony or theft." Ill. Rev. Stat. 1979, ch. 38, par. 19—1.

Ownership is not an element of the offense. Since our decision in *People v. Gregory* (1974), 59 Ill. 2d 111, it is clear that ownership need not be alleged. The gravamen of the crime charged against the defendant was not that the house broken and entered into belonged to Barbara Goldsberry and Loretta Isaacs, but rather that the defendant broke and entered into a building not his own with the intent to commit a felony or theft. (*People v. Figgers* (1962), 23 Ill. 2d 516, 519.) The evidence was more than sufficient to permit the jury to conclude beyond a reasonable doubt that the defendant was not the owner of the house in question. It is also true that the recitation of a street address in an indictment is not necessary. *People v. Blanchett* (1965), 33 Ill. 2d 527; *People v. Reed* (1965), 33 Ill. 2d 535, 539-40.

It is not contested that the instrument charging Samuel Rothermel with burglary was sufficiently particular in alleging that the defendant had no authority to enter the house and possessed the requisite intent to commit the burglary. The question then becomes: Did the inaccurate allegation of ownership defeat this indictment? The answer hinges on a determination of whether the defendant was sufficiently informed of the charge against him. See *People v. Johnson* (1960), 20 Ill. 2d 336; *People v. Pruden* (1975), 25 Ill. App. 3d 47.

An allegation of ownership was at one time indispensable in charging burglary. (*People v. Picard* (1918), 284 Ill. 588, 591; *People v. Walker* (1955), 7 Ill. 2d 158, 161; *People v. Mosby* (1962), 25 Ill. 2d 400.) The court, however, began to recognize that the requirement of ownership had become "an empty formality." (*People v. Stewart* (1961), 23 Ill. 2d 161, 168.) Failure to allege ownership no longer bars a conviction as long as the defendant was not harmed in preparing a defense. (*People v. Gregory* (1974), 59 Ill. 2d 111; *People v. Bailey* (1980), 80 Ill. App. 3d 242; *People v. Viar* (1971), 131 Ill. App.

2d 983; *People v. Baker* (1975), 33 Ill. App. 3d 898.) Our courts have previously held that, in lieu of proving ownership, the right to possession and occupancy in another must be shown as against the accused. (*People v. Foster* (1964), 30 Ill. 2d 106; *People v. Lymore* (1962), 25 Ill. 2d 305, 307; *In re G.L.* (1979), 73 Ill. App. 3d 467, 470; *People v. Apple* (1968), 91 Ill. App. 2d 269; *People v. Collins* (1970), 123 Ill. App. 2d 138.) The requirement of ownership was further modified so that occupancy or possession of the premises had to be alleged in someone other than the accused. (*People v. Whittaker* (1970), 45 Ill. 2d 491; *People v. Griffin* (1973), 16 Ill. App. 3d 355.) In *In re W.S.* (1980), 81 Ill. 2d 252, this court found the requirement of proving the corporate existence of the owner to be unnecessary. Upholding a theft offense, the court said that "*** it need only be shown that someone other than the accused possessed or held an interest in the property ***." 81 Ill. 2d 252, 257.

The purpose of alleging a possessory interest is threefold. First, it enables the accused to prepare for trial. Second, it allows the defendant to plead a former acquittal or conviction and protect him from a second prosecution under the indictment. Thirdly, it establishes a superior interest in the premises in someone other than the defendant. See *People v. Johnson* (1960), 20 Ill. 2d 336; *People v. Viar* (1971), 131 Ill. App. 2d 983; *People v. Collins* (1970), 123 Ill. App. 2d 138; *People v. Whittaker* (1970), 45 Ill. 2d 491; *People v. Peck* (1963), 29 Ill. 2d 480.

In *People v. Tate* (1981), 87 Ill. 2d 134, one of the counts on which the defendant was convicted was criminal damage to property. In upholding that conviction we took note of the relaxation of the requirements as to proof of ownership and went on to hold that a security guard employed by a Convenient Food Mart had a possessory interest in the premises. (87 Ill. 2d 134, 150.) *Tate* is a

good example of how liberally the boundaries have come to be construed.

The defendant is not aided by a rigid insistence on artificial allegations. (*People v. Whittaker* (1970), 45 Ill. 2d 491; *People v. Peck* (1963), 29 Ill. 2d 480.) A possessory interest for the purposes of describing a criminal violation is not the same as a possessory interest as defined by traditional property law standards. (4 G. Thompson, Real Property sec. 1770 *et seq.* (repl. ed. 1979); R. Brown, Personal Property sec. 1.5 (3d ed. 1975).) We have moved away from defining a possessory interest in the criminal law context as having a real or personal interest in property to a definition that requires only that the interest be greater than that of the defendant. Barbara Goldsberry's possession of the key to the premises at 159 Jackson Street is sufficient to demonstrate that her interest was greater than that of the defendant. The allegation as to Loretta Isaacs is mere surplus. That surplusage will not defeat the validity of this criminal conviction. See *People v. Moore* (1938), 368 Ill. 2d 455.

Any accused individual has a right to know the nature and cause of the accusation against him. (*People v. Clark* (1965), 59 Ill. App. 2d 160, 161.) The indictment charging Samuel Rothermel was inartfully drafted, but the record reveals that the defendant was fully apprised of the charge against him. That is not to say that another accused who appears to be similarly situated will be presumed to be aware of the particulars of the charge against him. This defendant was aware that the premises he was accused of burglarizing was the house of Opal Dillon at 159 Jackson Street. He was not taken by surprise. One of the accused's defenses was entrapment. This was indicated in a pretrial report filed pursuant to Supreme Court Rule 413(d) (73 Ill. 2d R. 413(d)). It is incongruous for the defendant to indicate he will assert a defense of entrapment and now assert that he was prejudiced in the preparation of his

defense because an inaccurate indictment failed to adequately identify the alleged burglarized premises. Moreover, the defendant is not risking double jeopardy. The address of the burglarized premises is clearly established in the record. The introduction of that testimony can be admitted in any subsequent prosecution as parol evidence, should it become necessary to show his defense of prior jeopardy. *People v. King* (1964), 50 Ill. App. 2d 421.

Since the accused here was able to adequately prepare for trial and will not be exposed to a second prosecution for the same burglary, the variance of "ownership" between the indictment and proof was not fatal and will not vitiate the defendant's trial. The indictment charged this defendant with the offense of burglary. It was not technically correct. It was, however, sufficient. The accused was not harmed. While the variance at issue was not negligible, neither was it material. It does not constitute reversible error.

The judgment of the appellate court is reversed. The judgment of the circuit court of Kankakee County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*