# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Janisch*, 2012 IL App (5th) 100150

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARBARA JANISCH, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0150 |
| Filed | March 2, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for computer tampering under the Computer Crime Prevention Law based on her entering the victim's e-mail account without his authorization was affirmed, notwithstanding her contentions that the computer involved was not owned by the victim, since the possessory interest required in the context of criminal law is no longer limited to having a real or personal interest in property; rather, the victim need only have an interest greater than that of defendant, and in defendant's case, the victim held such an interest and did not authorize defendant's access to the data. |
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 07-CM-4865; the Hon. Kyle Napp, Judge, presiding. |
| Judgment | Affirmed. |

| | |
|---|---|
| Counsel on Appeal | Stephen B. Evans and Katherine B. Schierholz, both of Evans Partnership, of St. Louis, Missouri, for appellant. |
| | Thomas D. Gibbons, State's Attorney, of Edwardsville (Patrick Delfino, Stephen E. Norris, and Jennifer Camden, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion. |
| | Justices Chapman and Wexstten concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Barbara Janisch, was charged in the circuit court of Madison County with computer tampering under the Computer Crime Prevention Law (720 ILCS 5/16D-3(a)(2) (West 2006)). After trial, the jury returned a verdict of guilt and the circuit court entered a judgment on the verdict. On appeal, defendant raises issues as to whether the actions of the defendant as supported by the evidence constituted computer tampering (720 ILCS 5/16D-3(a)(2) (West 2006)). We affirm.

¶ 2                                             FACTS

¶ 3    In June 2007, defendant and Michael Brumitt were in the midst of an ongoing dispute over child support. They had been divorced for over a decade.

¶ 4    In June 2007, Brumitt's wife, Juanita, viewed one of his e-mail accounts and saw a message from a "Misty Reynolds" suggesting a follow-up to a romantic interlude. A similar message from Misty was sent to Brumitt's MySpace account. Suspecting that defendant had sent the messages under the pseudonym of Misty, Juanita sent a message to the sender, who replied that Brumitt was involved in an extramarital affair.

¶ 5    Juanita suspected that "Misty" had access to Brumitt's e-mail account ending with @hotmail.com. The e-mails from Misty referred to information Brumitt had put in other e-mails sent from his account, including his salary and his attendance at a recent company dinner in Texas. In addition to the e-mails from Misty, Juanita testified that she believed someone had accessed Brumitt's e-mail account and sent a personal e-mail between Brumitt and Juanita to everyone on Brumitt's contact list. Juanita contended that the e-mails caused personal turmoil for her and Brumitt, both in their marriage and for Brumitt at work.

¶ 6    Brumitt testified that he had logged into his Hotmail account from various locations, including home, work, and wireless rooms, and that Juanita and his son, the subject of the child support dispute, were the only other people whom he told of his password. According

to Brumitt, the e-mails from Misty contained direct quotes of e-mails he had sent to Juanita. Brumitt admitted that defendant never physically touched his home computer.

¶ 7     Defendant's mother, Euple Sullivan, had Internet service from Charter and a "Yahoo!" e-mail account in 2007. Sullivan testified that she never e-mailed Brumitt but that anyone who lived at her house was allowed to use her computer. Defendant was staying at Sullivan's house in June 2007.

¶ 8     Detective David Vucich of the Madison County sheriff's department subpoenaed Internet Protocol (IP) logs and subscriber information for Brumitt's e-mail address ending with @hotmail.com through Microsoft Network (MSN). After reviewing these documents, Detective Vucich subpoenaed records from Charter Communications for an IP address that recurred throughout the logs of entry into Brumitt's account. The IP address was registered to Euple Sullivan.

¶ 9     Detective Vucich then subpoenaed Yahoo! for records on the e-mail accounts that had sent the e-mails. The IP address for these accounts was the same one that was registered to Sullivan and had been used for entry into Brumitt's account. Detective Vucich concluded that the person sending the e-mails was also doing so from Sullivan's home.

¶ 10     Defendant was charged with computer tampering. 720 ILCS 5/16D-3(a)(2) (West 2006). The charge alleged that "defendant, knowingly and without authorization of Michael Brumitt, accessed computer data from his MSN hotmail email account and thereby obtained data from the MSN hotmail account."

¶ 11     At trial, the jury was instructed:

"To sustain the charge of computer tampering, the State must prove the following propositions:

*First Proposition*: That the defendant knowingly accessed data; and

*Second Proposition*: That the defendant obtained data; and

*Third Proposition*: That the defendant acted without the authorization of the computer's owner; and

*Fourth Proposition*: That the defendant knew she acted without the authorization of the computer's owner."

¶ 12     After trial, a jury returned a verdict of guilt. The court entered a judgment on the verdict and ordered defendant to pay a fine and perform community service.

¶ 13     Defendant appeals.

¶ 14                              ANALYSIS

¶ 15     The issues on appeal concern the interpretation of the Computer Crime Prevention Law. 720 ILCS 5/16D-3 (West 2006). Although defendant phrases her issue on appeal in terms of whether the State presented evidence regarding the elements of a crime, the strength of the circumstantial evidence is not in question. Instead, on appeal the issue is whether by entering Brumitt's e-mail account without his authorization, defendant violated the law regarding computer tampering.

¶ 16     Defendant was charged with computer tampering. 720 ILCS 5/16D-3(a)(2) (West 2006). At the time of the relevant conduct, section 16D-3(a)(2) read:

> "(a) A person commits the offense of computer tampering when he knowingly and without the authorization of a computer's owner, as defined in Section 15-2 of this Code, or in excess of the authority granted to him:
>
> \*\*\*
>
> (2) Accesses or causes to be accessed a computer or any part thereof, or a program or data, and obtains data or services[.]" 720 ILCS 5/16D-3(a)(2) (West 2006).

¶ 17     Undoubtedly, the defendant obtained data. The Computer Crime Prevention Law defines "data":

> "(c) 'Data' means a representation of information, knowledge, facts, concepts or instructions, including program documentation, which is prepared in a formalized manner and is stored or processed in or transmitted by a computer. Data shall be considered property and may be in any form including but not limited to printouts, magnetic or optical storage media, punch cards or data stored internally in the memory of the computer." 720 ILCS 5/16D-2(c) (West 2006).

¶ 18     Defendant turns to other terms. First, defendant contends that she did not access Brumitt's "computer." Defendant argues that a computer is a physical object. The Computer Crime Prevention Law offers this definition:

> "(a) 'Computer' means a device that accepts, processes, stores, retrieves or outputs data, and includes but is not limited to auxiliary storage and telecommunications devices connected to computers." 720 ILCS 5/16D-2(a) (West 2006).

A device, argues defendant, must be a physical object and defendant never accessed the physical object that is Brumitt's personal computer.

¶ 19     Under the plain language of the statute, what is "accessed" need not be the computer itself. Paragraph (2) does not limit violations to instances where a defendant accesses or causes to be accessed "a computer or any part thereof." 720 ILCS 5/16D-3(a)(2) (West 2006); see *Deng v. Sears, Roebuck & Co.*, 552 F.3d 574, 575 (7th Cir. 2009) (disgruntled employee accessed "computer"). The requirements of paragraph (2) may also be met if a defendant "[a]ccesses or causes to be accessed \*\*\* data, and obtains data." 720 ILCS 5/16D-3(a)(2) (West 2006).

¶ 20     In the case at hand, the "data" is discernable. It is the information in Brumitt's personal e-mails that defendant accessed by entering into his account by using his password without permission. After defendant was charged, the General Assembly amended the statute to include the accessing of "a computer network." 720 ILCS 5/16D-3 (West 2008); Pub. Act 95-326, § 5 (eff. Jan. 1, 2008).

¶ 21     Defendant argues that a simple access of data is insufficient as the language in paragraph (a) requires the access to be "without the authorization of a computer's owner." 720 ILCS 5/16D-3(a) (West 2006). Defendant argues that the "computer" on which Brumitt's e-mail account was located was owned not by Brumitt, but most likely by MSN or an affiliated

company. Defendant asserts that, in the least, the State would have to present evidence that MSN's authorization was dependent on Brumitt's permission, as the account holder.

¶ 22    Even assuming that the "computer" in question is the one that facilitates Web service on the behalf of the Internet provider, MSN, Brumitt qualifies as "a computer's owner, as defined in Section 15-2 of this Code." 720 ILCS 5/16D-3(a) (West 2006). Defendant misconstrues ownership under the statute with traditional analysis of property rights. For purposes of computer tampering, ownership of a computer is much broader. Section 15-2 provides the operative definition:

    "§ 15-2. Owner. As used in this Part C, 'owner' means a person, other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the offender has no authority to exert control over the property." 720 ILCS 5/15-2 (West 2006).

Even in regard to any physical device that facilitated the Web-based service provided by MSN, Brumitt was an owner for purposes of section 15-2. Actual possession is not necessary as "any other interest in the property involved" is sufficient.

¶ 23    The State draws an apt analogy to the law of burglary. *People v. Rothermel*, 88 Ill. 2d 541, 546, 431 N.E.2d 378, 380 (1982). In *Rothermel*, the defendant was charged with entering without authority the residence of two individuals named Goldsberry and Isaacs. The defendant argued that he was entitled to a directed verdict because the evidence indicated that Goldsberry and Isaacs did not own the residence, but had merely been given a key in order to watch the residence while the residence's owner was in the hospital.

¶ 24    Initially, *Rothermel* noted that the definition of burglary had evolved. *Rothermel* stated:

    "An allegation of ownership was at one time indispensable in charging burglary. (*People v. Picard* (1918), 284 Ill. 588, 591; *People v. Walker* (1955), 7 Ill. 2d 158, 161; *People v. Mosby* (1962), 25 Ill. 2d 400.) The court, however, began to recognize that the requirement of ownership had become 'an empty formality.' (*People v. Stewart* (1961), 23 Ill. 2d 161, 168.) Failure to allege ownership no longer bars a conviction as long as the defendant was not harmed in preparing a defense. (*People v. Gregory* (1974), 59 Ill. 2d 111; *People v. Bailey* (1980), 80 Ill. App. 3d 242; *People v. Viar* (1971), 131 Ill. App. 2d 983; *People v. Baker* (1975), 33 Ill. App. 3d 898.) Our courts have previously held that, in lieu of proving ownership, the right to possession and occupancy in another must be shown as against the accused. (*People v. Foster* (1964), 30 Ill. 2d 106; *People v. Lymore* (1962), 25 Ill. 2d 305, 307; *In re G.L.* (1979), 73 Ill. App. 3d 467, 470; *People v. Apple* (1968), 91 Ill. App. 2d 269; *People v. Collins* (1970), 123 Ill. App. 2d 138.) The requirement of ownership was further modified so that occupancy or possession of the premises had to be alleged in someone other than the accused. (*People v. Whittaker* (1970), 45 Ill. 2d 491; *People v. Griffin* (1973), 16 Ill. App. 3d 355.) In *In re W.S.* (1980), 81 Ill. 2d 252, this court found the requirement of proving the corporate existence of the owner to be unnecessary. Upholding a theft offense, the court said that '*** it need only be shown that someone other than the accused possessed or held an interest in the property ***.' 81 Ill. 2d 252, 257." *Rothermel*, 88 Ill. 2d at 545-46, 431 N.E.2d at 380.

¶ 25    Nonetheless, *Rothermel* proceeded to note the merits of requiring allegations of an

ownership interest by an alleged victim. An allegation of ownership allows an accused to prepare for trial, protects against double jeopardy, and ensures that someone other than the defendant has a superior interest in the premises. *Rothermel*, 88 Ill. 2d at 546, 431 N.E.2d at 380-81.

¶ 26 *Rothermel* concluded that a liberally construed concept of ownership provided these protections. *Rothermel*, 88 Ill. 2d at 546-47, 431 N.E.2d at 381 (citing *People v. Tate*, 87 Ill. 2d 134, 150, 429 N.E.2d 470, 479 (1981)). The allegation in the complaint that one of the complainants had possession of a key was "sufficient to demonstrate that her interest was greater than that of the defendant." *Rothermel*, 88 Ill. 2d at 547, 431 N.E.2d at 381. Like defendant in the case at hand, Rothermel was not prejudiced in preparing a defense and should not be heard to claim surprise at the charge.

¶ 27 Ownership under the computer-tampering statute is equivalent to the requirements for pleading set forth in *Rothermel*. Brumitt stood in the same relation to defendant as the key holder did to the defendant in *Rothermel*. The metaphor of a key holder fits directly with that of an e-mail account holder. In language fitting the case at hand, *Rothermel* explained:

> "The defendant is not aided by a rigid insistence on artificial allegations. (*People v. Whittaker* (1970), 45 Ill. 2d 491; *People v. Peck* (1963), 29 Ill. 2d 480.) A possessory interest for the purposes of describing a criminal violation is not the same as a possessory interest as defined by traditional property law standards. (4 G. Thompson, Real Property sec. 1770 *et seq.* (repl. ed. 1979); R. Brown, Personal Property sec. 1.5 (3d ed. 1975).) We have moved away from defining a possessory interest in the criminal law context as having a real or personal interest in property to a definition that requires only that the interest be greater than that of the defendant." *Rothermel*, 88 Ill. 2d at 547, 431 N.E.2d at 381.

Brumitt held such an interest in relation to defendant and did not authorize defendant's access to the data.

¶ 28 The plain language of the statute clearly informed of the elements of the offense and the authorization that would defeat a charge of computer tampering. Defendant would not have been guilty of computer tampering if she had had Brumitt's authorization to access the data.

¶ 29 Accordingly, the judgment of the circuit court is hereby affirmed.

¶ 30 Affirmed.