2020 IL App (1st) 172831-U

No. 1-17-2831

Order filed February 6, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 12250 |
| | ) | |
| TOBIAS DIGGS, | ) | Honorable |
| | ) | Charles P Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm defendant's conviction for burglary where the evidence was sufficient to support a finding of guilt beyond a reasonable doubt.

¶ 2    Defendant Tobias Diggs was found guilty of two counts of burglary (720 ILCS 5/19(a) (West 2016)) following a joint bench trial with co-defendant Jonathan McClellan. Defendant was sentenced to two years of felony probation and 180 days in the Cook County Jail for one count of burglary (count 1). On appeal, he contends that his conviction and sentence for burglary should be

reversed because the State charged him with burglary of two specifically numbered railroad cars but failed to prove beyond a reasonable doubt that he or McClellan entered those two specific cars. For the following reasons, we affirm.

¶ 3     Defendant and McClellan were both charged by information with two counts of burglary and one count of possession of burglary tools.[1] 720 ILCS 5/19-1 (a) (West 2016); 720 ILCS 5/19-2 (a) (West 2016). Specifically, defendant was charged with "knowingly and without authority enter[ing] a railroad car, to wit: container number OOLU027234" (count 1) and "container number YMLU872834" (count 2) on the Burlington Northern Santa Fe (BNSF) Railway, "with the intent to commit therein a theft." The evidence adduced at their joint bench trial was as follows.

¶ 4     Trent Grupa, an officer with the BNSF Railway Police, testified that on July 10, 2016, about 4:00 p.m., he was working with a partner. While awaiting a train to arrive for inspection, Grupa monitored a radio transmission that some individuals had exited a black Acura and entered the railroad tracks at the 4900 block of South Rockwell Street. He explained that only train crew had permission and authority to be on the railroad tracks at that time. Grupa and his partner headed in the direction of Rockwell. There, Grupa met with a responding officer, and saw several squad cars and two suspects in custody. Grupa talked to the officers and then returned to 4900 Rockwell, where the individuals had entered the train tracks. The train was still there.

¶ 5     Grupa and his partner headed west from Rockwell to California Avenue, inspecting the train cars for open doors or broken seals. Grupa explained that each container has a seal, located around the hasp, on the right side of the handles of the doors. In order to open the container doors, that seal must be broken. Each seal has a unique number, and seals are placed on each container

---

[1] McClellan, who is not a party to this appeal, was found guilty on all counts

to show shippers that the containers remained sealed throughout shipment. Grupa found two damaged seals underneath the train, between Rockwell and California. He recovered one of the seals from beneath the train but did not recover the second one because it was between the axels and he was not permitted to reach under the train. He identified photographs, which were admitted into evidence, of both broken seals. He also saw two open containers, identified by numbers OOLU027234 and YMLU872834, between Rockwell and California, and noticed that neither container had a seal. Only employees had permission to enter the containers.

¶ 6      On cross-examination, Grupa testified that he did not see defendant on the railroad tracks and did not see defendant enter any container. Grupa never saw McClellan open the door to a container. Grupa did not know what was in the containers and, to the best of his knowledge, nothing was taken from the trains.

¶ 7      Chicago police officer Domingo Enriquez testified that he was on duty on July 10, 2016, when he and his partner were dispatched to a burglary near 4958 South California Avenue. There, they walked through a fence and up to the elevated train tracks where Enriquez saw two individuals about 600 feet west of him. The individuals matched the description Enriquez had heard over the radio. One of the individuals was wearing a blue shirt and the other was wearing a red shirt. The one wearing the blue shirt was holding reddish-orange bolt cutters that were about two-and-a-half feet long.

¶ 8      Enriquez and his partner moved closer to the two individuals and hid to observe them. Enriquez saw them jumping on and off the train, and then walking further along the train before jumping up onto the train again. Enriquez saw the individuals repeat this process about four or five times. Each time they jumped onto the train, Enriquez lost sight of them for a few seconds to a

minute. When Enriquez was about 60 to 80 feet away, he saw the person wearing the blue shirt use bolt cutters to cut a long "bracelet-style" lock on a container. Enriquez saw both individuals open one door to a container on the train and walk about three to four feet inside of the container, and then immediately exit the container.

¶ 9 After Enriquez saw them exit the container, he heard over the radio that assistance was on its way. He then decided to alert the individuals of his presence. At that time, they were north of the train tracks and Enriquez was to the south. Enriquez jumped over the tracks and saw the two individuals running west about 400 to 500 feet ahead of him. Enriquez chased them, and lost sight of them for about two-and-a-half minutes when they went into bushes near a viaduct. Enriquez heard multiple police cars arriving in the area. By the time Enriquez made it through the bushes and down below the viaduct, he saw the same individuals he had seen on the train tracks detained by police.

¶ 10 Enriquez identified the individuals at the scene as the same ones he had seen on the train tracks. He identified them in-court as defendant and McClellan. Enriquez did not see any other individuals in the area. The man Enriquez identified as McClellan was wearing a blue shirt. The other man, whom Enriquez identified as defendant, was not wearing a shirt at the time he was detained but had been wearing a red shirt when Enriquez had seen him on the train tracks.

¶ 11 Enriquez retraced his steps and found a red shirt and bolt cutters on the ground. He kept these items on his person and inventoried the bolt cutters when he returned to the police station.

¶ 12 The trial court found defendant guilty of two counts of burglary to "two separate cars that were entered with the seals [sic] numbers listed in the [information]," and not guilty of possession of burglary tools. In announcing its decision, the court stated, that defendants were on the train

tracks "without authority, jumping in and out of cars," "for no other reason than *** to see what they can find." The court pointed out that Enriquez identified defendants on the scene after observing them for several minutes, during which McClellan made a cutting motion with bolt cutters and both defendants jumped up, entered the car, and jumped back down. The court also noted that two broken seals were found on the tracks, and defendant's red shirt was found in the direction of flight where the burglary tools were found. The court further stated that defendants worked jointly and severally to enter the cars and that defendants acted in concert and were accountable for each other's actions.

¶ 13    Defendant filed a motion for a new trial, alleging, *inter alia*, that the evidence was insufficient to prove his guilt beyond a reasonable doubt. The court denied the motion.

¶ 14    After a hearing, defendant was sentenced to 24 months of probation and 180 days in the Cook County Jail on count 1 of burglary. Defendant did not file a motion to reconsider sentence.

¶ 15    On appeal, defendant argues that this court should reverse his burglary conviction and sentence because the State failed to prove that he entered the specific railroad containers numbered OOLU027234 and YMLU872834 as listed in the charges.

¶ 16    The standard of review on a challenge to the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Wheeler*, 226 Ill. 2d 92, 114 (2007). This standard applies to all criminal cases, whether the evidence is direct or circumstantial. *People v. Herring*, 324 Ill. App. 3d 458, 460 (1st Dist. 2001). It is up to the trier of fact to determine the witness' credibility, the weight given to their testimony, to resolve conflicts in the evidence, and to draw all reasonable inferences from the evidence. *People v. Ortiz*, 196 Ill.

2d 236, 259 (2001). All reasonable inferences must be allowed in favor of the State. *People v. White*, 2017 IL App. (1st) 142358, ¶ 14. In determining whether an inference is reasonable, the trier of fact need not look for all possible explanations consistent with innocence or "be satisfied beyond a reasonable doubt as to each link in the chain of circumstances." *People v. Smith*, 2014 IL App (1st) 123094, ¶ 13 (quoting *Wheeler*, 226 Ill. 2d at 117). Instead, it is sufficient if all of the evidence, taken as a whole, satisfies the trier of fact that the defendant is guilty beyond a reasonable doubt. *Smith*, 2014 IL App (1st) 123094, ¶ 13. A reviewing court " 'will not reverse a conviction unless the evidence is so improbable, unsatisfactory, or inconclusive that it creates a reasonable doubt of defendant's guilt.' " *People v. Lloyd*, 2013 IL 113510, ¶ 42 (quoting *People v. Collins*, 214 Ill. 2d 206, 217 (2005)).

¶ 17    In order to sustain defendant's conviction for burglary in this case, the State was required to prove beyond a reasonable doubt that he, without authority, knowingly entered a railroad car or any part thereof, with intent to commit therein a felony or theft. 720 ILCS 5/19-1 (a) (West 2016). This statute requires an entry by a defendant which is both without authority and with intent to commit a felony or theft. *People v. Beauchamp*, 241 Ill. 2d 1, 9 (2011). A burglary is complete upon entering with the requisite intent, regardless of whether the intended felony or theft is accomplished. *Id.* Further, an entry for purposes of the statute does not require intrusion by a person's entire body; an intrusion by part of the body into the protected enclosure is sufficient even if the intrusion is slight. *Id.*

¶ 18    The purpose of the burglary statute is to protect the security and integrity of certain specified enclosures. *Id.* To this effect, there must be an entry, proven by either direct or circumstantial evidence that the defendant broke the close or crossed the plane enclosing the

protected space. *Id.*; see *People v. Frey*, 126 Ill. App. 3d 484, 487 (5th Dist. 1984) (stating that, "an unlawful entry may be accomplished by 'breaking the close' defined by the four sides, the bottom, and the imaginary plane extending atop the sides and parallel to the bottom"). The crime of burglary can be proved by circumstantial evidence, so long as its elements are proved beyond a reasonable doubt. See *People v. Richardson*, 104 Ill. 2d 8, 13 (1984); *Smith*, 2014 IL App (1st) 123094, ¶ 13. The fact and manner of entry, as well as the requisite intent, may be inferred from the facts in evidence. *Smith*, 2014 IL App (1st) 123094, ¶ 13; see *People v. Beauchamp*, 241 Ill. 2d at 10.

¶ 19    In this court, defendant specifically argues that the State failed to present any evidence that he actually entered the railroad containers numbered OOLU027234 and YMLU872834. Defendant maintains that Grupa's testimony that the two railroad containers numbered OOLU027234 and YMLU872834 were opened and missing their seals does not establish that defendant or McClellan entered either of those specifically numbered railroad containers. In setting forth this argument, defendant concedes that "Enriquez did testify that an intrusion into a single train car occurred[,]" but argues that "Enriquez did not specify which train car was entered[,]" and therefore there is no evidence that defendant did anything more than open the doors of the cars numbered OOLU027234 and YMLU872834.

¶ 20    We initially note that we are not persuaded by defendant's argument that, because the charges listed the two specific container numbers, OOLU027234 and YMLU872834, the State was required to prove beyond a reasonable doubt that defendant entered those two containers in order to sustain his burglary conviction. Although the charges must set forth the essential elements of the charged offense, other matters unnecessarily added may be regarded as surplusage. *People*

*v. Collins*, 214 Ill. 2d 206, 219 (2005). Unless a variance between the charges and proof at trial is material and misleads the accused in preparing his defense, it will not vitiate a trial. *Id.*; see *People v. Rothermel*, 88 Ill. 2d 541, 543-44, 547 (1982).

¶ 21    As already noted, the offense of burglary is committed when a person knowingly and without authority enters a railroad car with intent to commit therein a felony or theft. 720 ILCS 5/19-1(a) (West 2016); *Rothermel*, 88 Ill. 2d at 544-45. The charges must, as they did here, state "the name of the accused, the name, date and place of the offense, cite[] the statutory provision alleged to have been violated and set forth in the language of the statute the nature and elements of the offense charged." *Collins*, 214 Ill. 2d at 219 (quoting *People v. Simpkins*, 48 Ill. 2d 106, 111 (1971)). The specific number of the container which defendant entered is not an element of the offense of burglary, and its inclusion in the charges was mere surplusage. Here, defendant was apprised of the nature of the offense and able to adequately prepare his defense, and any variance in this case was not material or prejudicial to him. As such, the State was not required to prove which specific container number defendant entered in order to prove him guilty of burglary beyond a reasonable doubt.

¶ 22    In reaching this conclusion, we find defendant's reliance on *People v. Davis*, 54 Ill. App. 3d 517, 521 (4th Dist. 1977), misplaced. In *Davis*, this court stated that the "essence of the crime [of burglary] is entry into the designated areas with the requisite intent." However, a closer look at the language in *Davis*, shows that the court's reference to "designated areas" simply refers to the "number of designated man-made cubicles" set forth in the burglary statute: "a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof[.]" *Davis*, 54 Ill. App. 3d at 521 (quoting Ill. Rev. Stat. 1975, ch. 38, par.

19-1(a)). In the present case, defendant was charged with entering a railroad car, as proscribed by the burglary statute. There was no separate or additional requirement under the statute that the State prove defendant entered a designated or specific numbered container.

¶ 23    Having found that the State was not required to prove the specific number of the container as an essential element of the offense, we consider the remainder of defendant's argument that the State failed to prove him guilty of burglary beyond a reasonable doubt.

¶ 24    After viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could conclude that defendant without authority, knowingly entered a railroad car with intent to commit a theft. *See* 720 ILCS 5/19-1(a) (West 2016). At trial, Officer Grupa testified that only train crew and employees had permission and authority to be on the tracks or enter the containers at the time in question. Officer Enriquez testified that he observed defendant and McClellan jumping onto the train and then jumping off, before walking a bit further along the train and jumping back on, about four to five times. He also saw, from a distance of 60 to 80 feet, McClellan use bolt cutters to cut the lock on one of the train containers. Enriquez then saw both McClellan and defendant open one of the doors to a container. Enriquez saw both defendants walk three to four feet inside of the container and then exit the container. Thus, the State presented direct evidence, in the form of Enriquez's eyewitness testimony, that defendant entered a railroad car. Defendant acknowledges as much in his brief, conceding that "Officer Enriquez did testify that an intrusion into a single train car occurred." Given the evidence in the present case, we cannot conclude that no rational trier of fact could have found the essential elements of burglary beyond a reasonable doubt. Stated differently, the evidence presented was not "so improbable,

unsatisfactory, or inconclusive that it creates a reasonable doubt of defendant's guilt." *Beauchamp*, 241 Ill. 2d at 9 (citing *People v. Collins*, 214 Ill. 2d 206, 217 (2005)).

¶ 25    In so finding, we do not consider any argument on whether the State failed to prove a second entry to sustain the trial court's finding of guilt of burglary on count 2. Here, as defendant notes in his brief, the trial court found him guilty of two counts of burglary, but only imposed a sentence on count 1. The final judgment in a criminal case is the sentence and in the absence of the imposition of a sentence, an appeal cannot be entertained. *People v. Releford*, 2017 IL 121094, ¶71; *Caballero*,102 Ill. 2d at 51; *Fort*, 2019 IL App (1st) 170644, ¶ 37. Here there was no final judgement on count 2. Thus, we do not consider any argument regarding count 2 on the merits because the trial court did not impose a sentence on that count. *People v. Caballero*, 102 Ill. 2d 23, 51 (1984); *People v. Jamison*, 2018 IL App (1st) 160409, ¶ 37. Accordingly, we lack jurisdiction to consider the merits of any claim pertaining to count 2. See *Releford*, 2017 IL 121094, ¶¶ 71-76.

¶ 26    For the forgoing reasons, defendant's conviction for burglary is affirmed.

¶ 27    Judgment affirmed.